### PALMER *against* PALMER :

#### IN ERROR.

The principles of construction applicable to *remedial* statutes, are inapplicable to statutes prescribing the *jurisdiction* of courts.

Therefore, where the plaintiff brought an action of trespass on the case for the obstruction of a way, by a stone wall, before a justice of the peace, demanding seven dollars damages ; to which the defendant pleaded, 1st, title to the *locus in quo*, as his proper freehold, averring, that it was not encumbered by any way belonging to the plaintiff ; and 2ndly, a freehold title to the *locus in quo*, traversing the plaintiff's right of way ; the parties joined issue on these pleas, and after trial, the issues were found, and judgment was rendered, for

Margin note:
*Fairfield,*
June,
1827.

Hillhouse
*v.*
Dunning.

*Fairfield,*
June,
1827.

Palmer
*v.*
Palmer.

the plaintiff; it was held, that the defendant was not entitled to a removal of the cause to the county court, either by certificate or on appeal, as the cause was not within the express provisions of the 64th and 65th sections of the statute regulating civil actions, and those provisions could not be extended, by construction, so as to embrace it.

This was an action of trespass on the case, for the obstruction of a way, by a stone wall, brought originally before a justice of the peace, demanding seven dollars damages. To this action, the defendant, by his first plea, pleaded title to the *locus in quo,* as being his proper close, soil and freehold, and then averred, that it was not encumbered, by any way belonging to the plaintiff. By a second plea, he again pleaded freehold title to the *locus in quo,* and traversed the plaintiff's right of way. On these pleas the parties joined issue; and after trial, the issues were found for the plaintiff, and judgment was rendered accordingly. The defendant then moved, that the record be certified to the county court; he also moved for an appeal to the county court; offering a sufficient bond and the duty, in both cases. These motions were disallowed; and thereupon the defendant brought a writ of error; which was reserved, by the superior court, for the advice of this Court.

*Sherman* and *Hawley,* for the plaintiff in error, contended, That the cause was removable to the county court, either on certificate of the justice, or by appeal. The 23rd section of the act for the regulation of civil actions, which prescribes the general jurisdiction of justices of the peace, excepts from their jurisdiction all causes wherein the *title of land* is concerned. *Stat.* 41. The 65th section of the same statute provides, that " when in any action of trespass *quare clausum fregit,* brought before a justice of the peace, demanding not more than seven dollars damages, the defendant shall justify by a plea of *title to the land,* a record shall be made thereof, &c. and the defendant shall become bound, &c. that he will prosecute his plea, and enter such cause in the next county court," &c. *Stat.* 52, 3. The 64th section provides, that " in all actions brought before any justice of the peace, demanding not more than seven dollars damages, charging the defendant with an injury done to land, in which the defendant shall justify the same, by a special plea, alleging *a right of way,* the party aggrieved by the judgment shall be allowed an appeal to the next county court." *Stat.* 52. It is a principle of our jurisprudence, recognized,

by the legislature, in these and other instances, that neither the *title to land*, nor a *right of way*, shall be finally determined, by a justice of the peace. The issues tried in this cause involved both the *title to the land* and the *right of way*. The latter was directly put in issue, by the traverse.

But it will be said, that the 64th section applies only to a case where the *defendant* asserts a right of way, as a justification of the injury alleged by the plaintiff; whereas in this case, it is the *plaintiff* who claims the right of way, and the defendant only denies the plaintiff's claim. It is true, that the case does not present the question under the precise circumstances mentioned in the statute; but the right to be determined, is the same, *viz.* the *right of way*. This is what the legislature principally regarded. To hold otherwise, would be to make the *accidents* of more consequence than the *subject*. The great object which the legislature had in view, was to preclude a justice of the peace from finally settling the *right of way*, in any case. It is perfectly immaterial, whether the plaintiff or the defendant asserts the right; whether it is alleged in the declaration, or set up in the plea; it is, in both cases, the right that is to be tried; in both cases, the mischief or evil of a final determination, by a justice of the peace, is equally great. The particular case described in the statute, illustrates, but does destroy, or limit, the general principle.

It is not a novel mode of expounding statutes, to extend provisions regarding a particular case, to other cases,—*i. e.* attended with other circumstances within the same principle. The principle is thus stated, by Lord *Coke* : "Cases out of the letter of a statute, yet being within the same cause of making it, shall be within the same remedy that the statute provideth; for that the law-makers could not set down all cases in express terms." *Co. Litt.* 24. *b.* In applying this principle to the statute of *Westminster* 2. he says, "the cases of the statute are set down *but for examples* of estates-tail, and not to exclude other estates." The *stat.* 4 *Edw.* 3. *c.* 7. provided, that executors, in certain cases, should have an action against trespassers; and it was extended, by construction, beyond the letter, with respect both to the persons and the actions. 2 *Selw. N. P.* 807, 8. *Smith* v. *Colgay, Cro. Eliz.* 384. The statute of *Marlebridge* (52 *Hen.* 3. *c.* 21.) provided, that if the "*beasts*" (*averia*) of any persons were taken and unjustly detained, the sheriff might deliver them, &c.; and this provision, was ex-

*Fairfield,*
*June,*
*1827.*

Palmer
*v.*
Palmer.

tended to other goods and chattels.   2 *Selw. N. P.* 1112. & n. The stat. 1 *Ric.* 2. *c.* 12. gave to creditors an action of debt against the warden of the *Fleet* upon an escape; and it was held, that the statute extended to all other gaolers and sheriffs. Other cases illustrating the same principle are collected in *Bac. Abr. tit.* Statute. I. 5. 6.   See also *Co. Litt.* 77. *b.* 280. *b.* 365. *b.   The People* v. *The Utica Insurance Company*, 15 *Johns. Rep.* 358.

It was the undoubted intention of the legislature to give the party aggrieved, by the determination of a justice regarding a right of way, a *remedy;* and there is no difference in principle between a remedy by a new form of action, and one by going to a higher tribunal.   *Est boni judicis ampliare justitiam*—and it is no objection that it is also *ampliare jurisdictionem.*

*Bissell,* for the defendant in error, contended, 1. That this was not a case, in which the record could be certified up, for several reasons.   First, the action is not trespass *quare clausum fregit,* but an action on the case for an obstruction.   Secondly, the defendant does not justify, by a plea of title to the land; the right of way, in both issues, being the only question to be tried.   Thirdly, the record is never certified up, after a trial of the issue and judgment rendered; but the plea is immediately recorded, and carried to the court above, where it is in the nature of a declaration, which the party making it is bound to support.   In the present case, the burden of proof rested upon the plaintiff; as the pleas given amounted to the general issue.

2. That the defendant was not entitled to an appeal under the 64th section of the statute.   First, this case is clearly not within the first clause of that section; as this is not an action charging the defendant with raising, or obstructing the waters of any stream, river, creek or arm of the sea.   Secondly, it is not within the second clause, as it is not an action charging the defendant with an injury done to land, but with an infringement of a franchise only.   Thirdly, the defendant does not justify the injury complained of, by alleging a right of way in himself: he only denies the right of way claimed by the plaintiff.

But it is claimed, that if this case be not within the letter of the statute, it is within its equity, and therefore ought to be governed by it.   The question is, whether the county court has *jurisdiction* of this cause, on appeal or certificate of the justice.

Now, there is no case, where the legislature has defined, in express terms, the jurisdiction of a court, which authorizes an extension of jurisdiction, by construction. This would be to legislate, and not to construe the act of the legislature. Most of the cases relied upon in favour of an equitable construction, arose upon ancient statutes, passed at a period when precision of language was seldom aimed at, and where the words, without much violence, would admit of the construction given.— They were also *remedial* statutes.

The disallowance of an appeal is attended with no more hardship, in this case, than in any other, where the sum in demand is the same. If the defendant claims a right of way in himself, he may exercise that right; and if obstructed, he may sue, and demand such damages as to give the county or superior court jurisdiction. If he claims a less sum, he ought to be satisfied with the decision of the tribunal to which he resorts.

Hosmer, Ch. J.   Both the pleas are manifestly improper. Freehold title is no answer to the plaintiff's averments; and the only allegations in the pleas of any avail, are the informal denial of the plaintiff's right in one, and the direct traverse of the same fact, in the other. They amount merely to the general issue. I make this remark *en passant*, although it has no bearing on the matter now to be decided.

The jurisdiction of our courts is conferred and limited by statute; and the propriety of the exceptions to the determination below, must be estimated, by a recurrence to the written law.

By the general law. (*Stat.* 41. *tit.* 2. *sect.* 23.) all causes where the sum demanded does not exceed seven dollars, with the exception of actions on notes and bonds vouched by two witnesses, are within the exclusive jurisdiction of justices of the peace, without liberty of appeal. Thus the law existed from an early period, until the year 1793, when the legislature authorized an appeal from the determination of a justice in actions brought *by reason of certain obstructions in any stream, river, creek* or *arm of the sea*, in which the damages demanded did not exceed seven dollars; provided the defendant should justify by special plea, stating or alleging a lawful right. At the revision in 1821, this provision was extended to actions charging the defendant with an injury done to land, in which

*Fairfield,*
*June,*
*1827.*

Palmer
*v.*
Palmer.

the defendant should justify, by a special plea alleging a right of way. *Stat.* 52. *tit.* 2. *s.* 64.

It cannot be necessary formally to show, that the case in question is not within the words of this section of the statute. It is too clear to demand or justify discussion. The defendant, however, without endeavouring to maintain, that the law, in its expression, applies to the case, has insisted, at some length, that he is within the reason and equity of the statute; and to prove this position, has recurred to the established rules of construction regarding *remedial laws.* The argument misapprehends the nature of the question to be determined. Remedial laws are subject to a peculiar construction, and admit of great latitude in suppression of the mischief at which they are aimed, and in advancement of the remedy. Principles nearly as liberal have been adopted in the application of a remedy provided in one case, to a similar remedy in another, falling within the same reason. *Plowd.* 36. 467. In these cases, however, the court had an unquestionable jurisdiction; and the rules established regarded not their authority to determine, but the administration of justice in a case within their undoubted competency. No such principles are applicable to the construction of statute law, in order to give jurisdiction; and no case warranting the supposition has been, or can be, adduced. The court cannot assume authority by legislation, nor out-run the plain provisions of statutes imparting jurisdiction. The legislature has often reviewed the subject before us, and made such alterations as were deemed expedient. This, certainly, is one of those cases, in which the court cannot be wiser than the written law.

It has been urged, by the defendant, that the case is within the provisions of the 65th section of the act concerning civil actions. If the position were true, it would be unavailing. The actions embraced by that section may be removed to the county court, immediately on plea pleaded, upon the giving of bond; but, if this is neglected, and the parties join issue, the cause is not removable, and is subject to the general law of appeal. The section referred to, however, is entirely inapplicable to the case before the Court. It regards only the action of trespass *quare clausum fregit,* whereas the plaintiff's action is trespass *on the case.* It contains a provision for the removal of a suit, where the defendant justifies by the plea of title to the land in question, in order that the title may be settled, not only

between the parties, to operate in the action on trial, but by way of estoppel, between them and their privies, in all future controversies relating to the same land.    But in the case before the Court, title to the land is not in question.    The controversy respects a franchise only; and whether the freehold title is in the defendant, or in some other person, is an immaterial enquiry.

I think it unquestionable, that the defendant had no right of appeal, in this case ; and that the judgment of the justice ought to be affirmed.

The other Judges were of the same opinion.

Judgment to be affirmed.