### DUNTON *against* MEAD.

An action of trespass *quare clausum fregit,* demanding thirty-five dollars damages, returnable to a justice of the peace, and thence appealed to the county court, is regularly before the latter court; and if appealed thence to the superior court irregularly, the cause will not be stricken from the docket, but will be remanded to the county court.

An action coming to the county court, by appeal from a justice of the peace, is

an action *brought* to the county court, within the meaning of the 62nd section of the statute regulating civil actions.

Where the defendant, in an action of trespass *quare clausum fregit,* demanding less than seventy dollars damages, pleaded a special plea, admitting his entry, &c. and alleging, in justification, a right of way over the *locus in quo ;* to which the plaintiff demurred ; and judgment was rendered in his favour ; it was held, 1. that such action was *tried,* by the county court ; 2. that *the title of land was drawn in question;* and 3. that this *appeared from the record* of the judgment sufficiently to authorize an appeal to the superior court.

*Fairfield,*
June,
1827.

Dunton
*v.*
Mead.

This was an action of trespass *quare clausum fregit,* in common form, instituted before a justice of the peace, demanding 35 dollars damages. The declaration was demurred to, before the justice of the peace ; and was by him adjudged sufficient. The defendant appealed the cause to the county court. In the county court, the defendant pleaded a special plea, admitting his entry, &c. and alleging in justification a right of way over the *locus in quo.* To this plea the plaintiff demurred ; and judgment was entered up for the plaintiff. The defendant thereupon appealed the cause to the superior court. In the superior court, the special plea was traversed, and an issue joined to the jury. When it came on for trial, the judge, supposing that the cause was not brought regularly before the superior court, and that, of course, he had no jurisdiction over it, directed that it should be stricken from the docket. Both the plaintiff and the defendant insisted, that the cause was legally before the court ; and, at their joint solicitation, the order to strike it from the docket was suspended ; and the question was reserved for the advice of this Court.

*N. Smith,* (with whom were *Bissell* and *Hawley,*) for the plaintiff, contended, 1. That this action was *brought to the county court* within the meaning of the 62nd section of the statute regulating civil actions. It was *brought* there ; and it was brought there *legally*—in due course of law. The legislature never intended to make a distinction, in relation to this subject, between an action brought *originally,* and one brought *by appeal,* to the county court.

2. That the action was *tried* by the county court.

3. That the *title of land* was *in question,* and was *determined ;* which was shewn by the *record.* Where this appears from the pleadings, no special *memorandum* is necessary.

Dunton
*v.*
Mead.

*Sherman,* (with whom were *Minor* and *Betts,*) for the defendant, supported the same propositions.

DAGGETT, J.    That the order to erase or strike the cause from the docket, was erroneous, is very clear, even if it had not been regularly appealed from the county court; because, by the 63rd section of the act for the regulation of civil actions, it is expressly enacted, that "whenever an appeal is taken from the county to the superior court, in an action not appealable, the superior court shall *remand it to the county court,* from whence it came by appeal," &c.    This was, then, the correct course, unless it was not regularly before the county court; for in such case, it would be idle to remand it, as that court could only strike it from its docket.    But that it was regularly before the county court, by appeal from the justice of the peace, is manifest, because the 23rd section of the statute above referred to, provides, that in *all cases* brought before a justice of the peace, wherein the sum demanded *exceeds seven dollars,* except on notes or bonds vouched by two witnesses, given for money only, an appeal shall be allowed to the next county court.    This case was not embraced by the exception, and more than *seven dollars, viz., thirty-five,* was demanded.    It was, then, *regularly* appealed to the county court; and if *irregularly* appealed to the superior court, it is a case within the 63rd section before cited, and should have been remanded to the county court, and not stricken from the docket.    But

2. The cause was regularly before the superior court by appeal; and of course, that court had jurisdiction over it.—The 62nd section of the act mentioned, declares, that in every action *brought to,* and *tried by* the county court, wherein *the title of land is drawn in question and determined,* if either party shall be aggrieved, by the sentence or judgment of such court, an *appeal* shall be allowed to the next superior court in the same county.    That this was *brought to* the county court, so as to be embraced by this section, though it came there by *appeal* from a justice of the peace, was decided by this court, in *June,* 1826, at *Litchfield,* in the case of *Clark* v. *Beach.* ( *a*) That was a writ of error to reverse a judgment of the superior court, by which a judgment of the county court had been reversed for the admission of illegal testimony in a trial to the

(*a*) Reported ante 142.

jury, in an action of trespass *quare clausum fregit*, brought originally before a justice of the peace, and by him removed to the county court, under the 65th section of the same statute. The writ of error in the superior court, was founded on a bill of exceptions, allowed by the county court : and in the superior court, and also in this Court, the defendant in error insisted, that no writ of error would lie, because an *appeal* from the judgment of the county court might have been taken, and that where an *appeal* could be taken, a writ of error was not sustainable, according to a decision in *Massachusetts*. *Savage* v. *Gulliver*, 4 *Mass. Rep.* 171. *Putnam* v. *Churchill*, 4 *Mass. Rep.* 516. The defendant assumed the affirmative of both those propositions, and they were both distinctly considered, and it was decided, that the cause might have been *appealed*, or a writ of error brought, at the election of the party, agreeably to our decisions. On reviewing that opinion, I see no reason to doubt its correctness.

3. That this cause was *tried* in the county court, and that the *title of land was alleged by the plaintiff to be in him*, appears clearly by the record.

I would, therefore, advise, that the superior court had jurisdiction of the cause, and that it be there proceeded with according to law.

HOSMER, Ch. J. and BRAINARD, and LANMAN, Js. were of the same opinion.

PETERS, J. thought that this was not an action *brought to the county court*, within the meaning of the statute; and that the county court had not caused *a record to be made that the title of land was in question*. He was, therefore, of opinion, that the superior court had not jurisdiction of the cause.