## ORANGE COUNTY.

## MARCH TERM, 1834.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, }
" SAMUEL S. PHELPS, } *Assistant Justices.*
" JOHN MATTOCKS, }

### Solomon S. Yuran *vs.* Inhabitants of Randolph.

<div style="float:right">Orange,<br>March,<br>1834.</div>

In a suit against a town for damages occasioned by want of repairs in a bridge, the surveyor of the district where the injury occurred is not a competent witness for the town.

Nor can such surveyor be rendered a competent witness by a release executed by one selectman, with proof of the assent of the others.

That a bridge was out of repair, and a horse was found dead near it, creates no legal presumption that he was killed by reason of the insufficiency of said bridge.

In such case the *onus probandi* lies on the plaintiff.

This action was originally commenced before a justice of the peace, and brought to the county court by appeal, to recover damages of said town for a horse killed by running from a bridge in said Randolph. On trial of the general issue, after the plaintiff had rested his case, Levi Bruce was offered as a witness on the part of the defendant, and objected to by the plaintiff because he was highway surveyor in the district in which said bridge was situated at the time said horse was killed, and so being highway surveyor was liable to the town. The defendants insisted that the objection would not lie till the said surveyor was shown to have been guilty of some neglect or omission of duty. But the court decided otherwise. The defendants then offered to prove by the said surveyor's tax bill, and the receipts and credits thereon, that previous to the time said horse was killed he had expended all the taxes in his said tax bill in repairs on said road. But the court excluded said tax bill on account of its informality.

47

ORANGE,
March,
1834.

Yuran
vs.
Inhabitants of
Randolph.

The defendants then offered the said highway surveyor a release from any liability for neglect or omission of duty in not repairing said road and bridge, executed by one of the select-men of said town, together with other evidence that a majority of the selectmen of said town had agreed and assented to said release to the said highway surveyor as aforesaid. But the court rejected the said release and the accompanying evidence, and excluded the testimony of the said Bruce.

On trial the plaintiff adduced testimony tending to prove that the said bridge was out of repair, by being too narrow and side-ling, and no muniments at the side, except a log one foot high, and the bridge eight or ten feet high in some places, and two small holes in the ground near the south end of the bridge, in the dirt, one about the size of a horse's foot, and the other twice as large—and that his horse was frightened and run off from said bridge, and was killed by means of said want of repairs; but offered no testimony, other than what was to be inferred from the circumstances of the case, *tending* to show by what means the horse was frightened or otherwise run off from said bridge.

The defendants introduced testimony tending to prove, that the plaintiff, at the time his horse was killed, was driving at an improper rate—that it was so dark that he could not see the road, and that he guided his horse out of the road, and by that means the horse run off of the bridge and was killed, without any deficiency of the road and bridge.

And upon this testimony the court charged the jury, among other things, that if they found from the testimony in the case that said bridge was out of repair as has been stated, and that the horse was found in the brook near the bridge, that the *legal presumption* was, that the horse was killed through the insufficiency of the bridge; and that the plaintiff would be entitled to recover, unless the defendants have proved that said horse was killed by other means than the insufficiency of said bridge, of which the jury were to judge from the circumstances of the case. Whereupon the jury found a verdict for the plaintiff.

Exceptions to the decisions of the court in excluding the testimony, and also to the charge to the jury, were taken by the defendant and allowed and certified.

*Mr. Hebard for defendant.*—1. It is contended that the decision was wrong in excluding Levi Bruce from testifying as

a witness on account of his interest. The statute (p. 432, sec. 12) makes the highway surveyor accountable to the selectmen for all omission of duty enjoined by this act, and liable to pay all damages wich may accrue to such town by their respective "*faults* or *neglects.*" It is urged that Mr. Bruce, being highway surveyor in the district where this horse was killed, thereby becomes liable to pay the town all the damage which the plaintiff in this case recovers of the town. But we think it is urged without reason, till it is shown that the damage was occasioned by his "*omission* of *duty*," or by his "*faults* or *neglects.*"

It was offered to be proved by the tax-bill, that Mr. Bruce had expended all his money: but the tax-bill was objected to, because of its irregularity. But we contend that it is as good for one purpose as for another. It was the only tax-bill he ever had. If his tax-bill was sufficiently regular to make him liable as highway surveyor, it was sufficiently regular to show when his liability ceased by having expended all the money contained in the tax-bill.

It is contended that the release of the interest in Levi Bruce was improperly rejected. The selectmen in the supervision of the interest of the town, may agree to ratify the doings of *one* of their body, whom they designate to be their agent, and who represents the whole board. And it was so in this case.

It is further contended that the said Bruce could not be shown to be interested, only by showing that which would have made him liable in an action at the suit of the town.—2 Aik. p. 290.

2. In the second place, we contend that the direction of the court to the jury was wrong. The statute (p. 432, sec. 13) provides that "if any special damage shall happen by means of any insufficiency, or want of repairs of any highway or public bridges in any town in this state, the party sustaining such damage shall have a right to recover the same against such town." But the charge of the court upon this point, we apprehend, was calculated to mislead the minds of the jury. As the charge of the court was, the whole burden of proof rests upon the defendants. The fact that the plaintiff's horse was found dead near the bridge in question, and the bridge being out of repair, it does not follow of course that the horse was killed "by means of such want of repairs."

ORANGE,
March,
1834.

Yuran
vs.
Inhabitants of
Randolph.

ORANGE,
March,
1834.

Yuran
vs.
Inhabitants of
Randolph.

In the case *Noyes* vs. *Morristown*, (Vt. Rep. vol. 1, p. 353,) the liabilities of towns to individuals are distinctly pointed out. The party claiming damage must show the occurrence of the specific contingency, on which the statute has made his right of action to depend. The plaintiff must make out his case clearly by proving distinctly that the damage was occasioned by means of the insufficiency of the bridge, and not have the jury to presume that fact. The bridge might have been out of repair, and still the damage might have been occasioned by means of the carelessness or neglect of the plaintiff; and in that case, he is not entitled to recover.

In this case, the jury were directed to presume that fact, after having found first that the horse was killed, and secondly that the bridge was defective.

*Mr. Buck for plaintiff.*—The defendants object to the trial in this case—

I. That Levi Bruce, offered by them as a witness, was improperly excluded; and

II. That the court misdirected the jury in their charge.

I. As to the first objection, the action has for its object the recovery of damages for a horse belonging to the plaintiff, and killed through the insufficiency of a certain bridge in the town of Randolph.

The plaintiff introduced evidence tending to show, among other facts, that the bridge in question was out of repair and insufficient; and also that notice of such insufficiency had been given to Bruce, who was highway surveyor for the district in which the bridge was situated, more than twelve hours before the injury was sustained by the plaintiff.

This action then being against the town, in consequence of the neglect of their agent, the surveyor, Bruce had an interest which would exclude him until properly released from his liability to the town.—4 Stark. Ev. 768.

Bruce having neglected to repair the bridge, became liable to a penalty, and also to pay all damages which the town might sustain through such neglect.—Acts Leg. Vt. 1830 p. 17, 18.

As to the rejection of the tax-bill, we remark,

1. That it was not admissible, because it is not certified by the selectmen.

2. The surveyor's liability does not depend upon his hav-

ing or not having unexpended taxes in his hands with which to make repairs.

ORANGE,
March,
1834.

Yuran
vs.
Inhabitants of
Randolph.

As to the release offered to remove the objection arising from the interest of the witness,

1. It is signed by only one of the selectmen, and though it was proposed to introduce evidence to show that the other selectmen assented to the discharge, yet that does not remedy the defect.

2. But the fatal objection is, that the selectmen have no power to execute such discharge. The liability of the witness was to the *town*, and the right of action given to the town. Rev. Stat. 159. The selectmen might as well discharge any other liability to the town, such as a bond note or other obligation, as this of the witness offered.

II. The court, in their charge to the jury, laid down a rule of plain law and common sense, viz: that where an adequate cause is shown, effects are to be ascribed to such a cause. The bridge being out of repair, ruinous and dangerous, and not more than ten feet wide; the plaintiff's horse lying dead in the stream, the only reasonable presumption is, that he was killed through the insufficiency of the bridge.

The opinion of the court was pronounced by

MATTOCKS, J.—The first question raised by the exceptions in this case is, whether Levi Bruce, the highway surveyor of the district in which the bridge is situated, the insufficiency of which is alleged to have caused the injury complained of, was a competent witness for the town. As the statute makes the surveyors of the several districts liable to pay all damages which shall accrue to the town by their fault or neglect, and as the surveyor has power in the case of repairing to warn out the people of his district immediately, whether they are in arrear or not, (act of 1830, sec. 17, 18) the surveyor was evidently interested in the cause; for if the plaintiff recovered of the town in consequence of the bridge being out of repair, it would be conclusive in an action against the surveyor, at least as to the amount of damages; and the most favorable position as to the witness would be like that of a servant in an action against the master for negligence of him. The servant cannot in such case be a witness for his master without a release. A re-release was offered, signed by one of the selectmen of the town, accompanied with an offer to prove that the other selectmen

ORANGE,
March,
1834.

Yuran
vs.
Inhabitants of
Randolph.

had assented thereto. This was properly rejected by the court; for it has lately been decided by this court, in a case not yet reported and published, that the selectmen have not power to execute such a release, but it must be done by a vote of the inhabitants of the town.

The next inquiry is as to the charge of the court. In the case of *Noyes* vs. *Morristown*, 1 Vt. Rep. 353, it was decided that the special damage, for which the statute gives this action against a town is that which is caused by " deficiency or want of repair in the bridge," and that the person injured must show the injury to have arisen from that cause; and as the burden of proof was upon the plaintiff, the charge which directs the jury that if they found certain facts proved, the legal presumption was that the horse was killed through the insufficiency of of the bridge, unless the defendants had proved that the horse was killed by other means, was evidently incorrect. It was shifting the *onus probandi* from the plaintiff to the defendants. The facts mentioned should have been left to the jury with the other evidence in the case, for them to have found whether the injury to the horse was occasioned by the insufficiency and want of repairs in the bridge; and therefore the judgment of the county court is reversed.