### FOR THE

## COUNTY OF BENNINGTON.

### FEBRUARY TERM, 1847.

---

PRESENT,

HON. ISAAC F. REDFIELD,
HON. DANIEL KELLOGG,
HON. HILAND HALL,      } ASSISTANT JUDGES.
HON. CHARLES DAVIS.

---

## REUBEN WHITMAN v. TOWN OF POWNAL.

The term "*land*," as used in the exception to the statute giving jurisdiction to justices of the peace, is sufficiently comprehensive to include a right of way over the real estate of another, whether held by the public, or an individual.

But a justice of the peace is not excluded from taking jurisdiction of an action, merely because, under the plea of the general issue, or a plea in bar, the title of land *may* be drawn into controversy,—but only when the action *necessarily* involves such an inquiry, as ejectment, and other real actions, or when, by the course of pleading, the title to land is actually contested.

A justice of the peace has jurisdiction of an action of trespass on the case, brought against a town to recover for injuries alleged to have been sus-

tained by reason of the insufficiency of a highway which the town were bound to maintain, where the damages claimed are less than one hundred dollars, unless the defendants interpose such a plea, as directly puts in issue the right of way.

Trespass on the Case. The plaintiff alleged, in his declaration, that his loaded wagon was overturned by reason of the insufficiency of a highway, which the defendants were bound to repair, and that he thereby suffered damage to the amount of seventy five dollars. The action was commenced before a justice of the peace; and, at the return day of the writ, the defendants moved to dismiss the action, for the alleged reason, that the cause of action set forth in the declaration involved the title to land, and therefore a justice of the peace had not jurisdiction thereof. The motion was overruled, and judgment was rendered in favor of the plaintiff, and the defendants appealed. At the term of the county court, at which the appeal was entered, the defendants renewed their motion to dismiss.

The county court, June Term, 1845,—Williams, Ch. J., presiding,—dismissed the action for the cause assigned. Exceptions by plaintiff.

*A. P. Lyman* for plaintiff.

I. A practical construction has been given to the statute by long and uniform usage, sustaining the jurisdiction of justices of the peace in actions like the present. *Boyden* v. *Brookline,* 8 Vt. 284. *State Treasurer* v. *Kelsey,* 4 Vt. 388. *Schoff* v. *Bloomfield,* 8 Vt. 472. One case, at least,—*Yuran* v. *Randolph,* 6 Vt. 369,—commenced before a justice, has passed to the supreme court upon exceptions, without any question being raised as to the jurisdiction. And it will be found, that the precise words used in the Revised Statutes, excluding the jurisdiction of a justice, viz. " *and where the title of land is concerned,*" have been used in all the statutes enacted upon the subject, since 1787. Hasw. St. Slade's St. 124, 137, 139. Rev. St. 170, § 7.

II. The subject of the present suit is not *land,* within the meaning of the statute, but a mere *franchise,* or *easement.* The term " *land,*" at common law, includes the ground, or soil, and not a right of way, or other easement,—those being called incorporeal hereditaments; 1 Co. Lit. 4 *a;* 2 Bl. Com. 16, 17, 35; 1 Sw. Dig.

Whitman *v.* Pownal.

106; Rob. on Frauds 106; and in the construction of a statute words are to be understood in their common law sense; 1 Sw. Dig. 11; 6 Bac. Abr. 383. This distinction has been recognized in Connecticut; *Palmer* v. *Palmer*, 6 Conn. 409; and has also been impliedly recognized in the statutes of this state; Slade's St. 84, 290; *Judd* v. *Leonard*, 1 D. Ch. 204; *Mitchell* v. *Walker*, 2 Aik. 266. And it has been held, that an action like the present did not affect the title to land, so as to render it local. *Hunt* v. *Pownal*, 9 Vt. 411.

III. But the title even of the easement is not concerned in this suit, within the meaning of the statute,—the question in regard to the right arising only incidentally, and not being the foundation of the action. *Noyes* v. *Chapin*, 6 Wend. 461.

*Kellogg* and *Isham* for defendants.

If the construction, given by the Revised Statutes, c. 4, § 8, to the word *land*, is applied to sect. 7 of the statute relating to justices of the peace, it excludes from a justice's jurisdiction all actions, wherein the title of lands, tenements, or hereditaments, is concerned, or any right thereto, or interest therein. In the present action it would be necessary for the plaintiff to prove, and for the court to determine, that the *locus in quo* was a highway, which the defendants were bound to keep in repair, and that the injury was occasioned by reason of the insufficiency, or want of repair, of such highway; Rev. St. 139, § 26; and this is directly controverted by the plea of the general issue. In *Heaton* v. *Ferris*, 1 Johns. 146, the defendant pleaded in bar, in an action of trespass, a right of way over the *locus in quo;* and it was held, that this concerned the *title.* We think it equally clear, that declaring upon a right of way, as the foundation of the action, would involve, or concern, the title to the land covered by such highway, under our statute. So in *Spear* v. *Bicknell*, 5 Mass. 125, which was trespass, the defendant pleaded in bar, that the *locus in quo* was part of a highway; and it was held, that by this plea the title to real estate was put in issue. *Dunton* v. *Mead*, 6 Conn. 418, is to the same effect. It is true these were actions of trespass; but we suppose the form of action is immaterial, as there are many actions, other than real, or mixed, in which the title to land is, or may be, concerned,—as has been decided by this court in

*Whitney* v. *Bowen et al.*, 11 Vt 250; *Hastings* v. *Webber*, 2 Vt. 407. The defendants, in the present case, claim the land, covered by this supposed highway, free from any such right, real franchise, or easement, as is claimed by the plaintiff,—which directly affects the title of the land, and puts in issue the existence of this right, which is claimed by the plaintiff for himself and the public, and which he must establish, to sustain his action.

The opinion of the court was delivered by

DAVIS, J. The only question in this case is whether a justice of the peace had jurisdiction of the action.

The action was to recover damages occasioned by the overturning of the plaintiff's loaded wagon, owing to the insufficiency and want of repair of a certain highway, which it was alleged the defendants were bound to keep in repair. The damages were claimed to be $75. By the statute giving justices of the peace jurisdiction, it is provided, that, with certain specified exceptions, their civil jurisdiction shall extend to all actions, when the debt, or other matter in demand, does not exceed $100. It is insisted, that this case falls within the exception indicated by the words " *and where the title of land is concerned.*" If so, no action of this description can be brought before a justice, whatever may be the sum demanded in damages.

Is the title of land concerned necessarily in all actions of this kind, irrespective of the line of defence adopted,—or only when some special plea raises the question as to the legal existence of the highway ? Or does any controversy on that subject involve a question of title to land, within the meaning of the statute, in whatever form it may be presented.

In the present case the defendants, at the return day of the writ before the justice, filed a written motion to dismiss the action for want of jurisdiction, of the disposition of which I find in the justice's records no other mention, than that, after several continuances, judgment was rendered in favor of the plaintiff for $25 damages and his cost ; from which judgment the defendants appealed to the county court; in which court the same motion was renewed, and prevailed, and the action was dismissed. No pleadings, not even the

general issue, have been filed.   The question is to be determined, then, from a consideration of the nature of the action, as it appears from the declaration itself.   The term *land* is comprehensive enough to include a right of way over the real estate of another, whether held by the public or an individual.   Indeed, the statute in relation to the construction of statutes extends the term, so as to include tenements and hereditaments and all rights thereto and interests therein.   Rev. St. chap. 4, sec. 8.   Still, the meaning in any given case must be determined upon ordinary principles of construction.

In the case of *Whitney* v. *Bowen et al.,* 11 Vt. 250, it was decided, that an action on the case for a nuisance, in erecting a board fence so near the dwelling house of the plaintiff as to obstruct his lights, when a plea to the jurisdiction was interposed, alleging title in the defendant to the land on which the fence was erected, could not be sustained before a justice; and the judge, who delivered the opinion of the court, intimates, that many cases may arise in other than real or mixed actions, which would be governed by the same considerations,—particularly specifying the action of covenant broken on a deed of conveyance, and an action on the case against a sheriff for a defective levy of execution on real estate.   The case of *Hastings* v. *Webber,* 2 Vt. 407, is an instance of the former kind.   The covenant alledged to have been broken was the covenant against incumbrances.   In the assignment of breaches it is not distinctly stated what incumbrances existed.   In *Pritchard* v. *Atkinson,* 4 N. H. 291, occurs a case of a similar character; and here the breach assigned was the existence of a highway;—it was decided, that a justice had no jurisdiction.   In *Spear* v. *Bicknell,* 5 Mass. 125, which was an action of *trespass quare clausum fregit,* originally brought before a justice, the defendant pleaded, that the *locus in quo* was a public highway, and that, finding a gate upon it, he opened it and left it open, which was the trespass, &c.   It was determined, that this was setting up a title to real estate, within the contemplation of their statute, which requires the justice, whenever the defendant sets up a title in real estate in himself, or another, to proceed no farther with the trial of the case, but to recognize the defendant to the plaintiff to enter and prosecute his defence at the court of common pleas.   There, as here, justices are not necessarily excluded from

taking cognisance of actions of that kind, because they do not, as a matter of course, involve a question of title to land.

In Connecticut a different view of the subject is taken. In *Palmer* v. *Palmer*, 6 Conn. 409, which was case for the obstruction of a way, where the defendant pleaded title to the *locus in quo* in himself, Ch. J. Hosmer, in delivering the opinion of the supreme court of errors, said, that the title of land was not in question, but that it was a controversy respecting a franchise only. The general provision of the statute of that state, prohibiting justices from trying cases where the title of land is concerned, is very similar to our own statute. In *Dunton* v. *Mead*, 6 Conn. 418, where, to an action of trespass *quare clausum fregit* the defendant pleaded a right of way over the premises, it was determined, that the title of land was drawn in question. These two cases seem to me to be irreconcilable. In both a right of way was involved,—in the former by the allegations of the plaintiff, in the latter by those of the defendant. It is true, they were decided under different statute provisions, the latter having reference, not to a justice's jurisdiction, but to the right of appeal from the county to the supreme court. I do not perceive, however, that the phraseology of the two statutes varies so essentially, as to justify the diversity of views exhibited in the two cases.

It has been decided in New York, *Heaton* v. *Ferris et al.*, 1 Johns. 146, that where, to an action for breaking and entering the plaintiff's close, the defendant pleaded in bar a right to a common highway, and also to a private way, this brought in question the freehold, or title of land, mentioned in the plaintiff's declaration, so as to entitle the plaintiff to full costs, though the verdict was for less than five dollars.

As a question of mere authority, it is, then, not free from doubt; but it is undoubtedly true, that the scales preponderate in favor of the position, that a right of way, public, or private, may be considered as land, in that particular aspect in which it is presented here.

How far, then, is that question involved in the present case? On a general denial of the declaration it is incumbent on the plaintiff to prove the existence of the highway, and the obligation of the town to keep it in repair. So far, although there is no antagonistic contro-

Whitman *v.* Pownal.

versy, directly between the parties, in respect to a claim of title in either, yet the title in a third party, the public, may be said to be concerned. Perhaps a just construction of the statute would comprehend the latter case, as well as the former. Yet another important inquiry still remains,— is a justice's jurisdiction excluded in those actions, where, under the plea of the general issue, or a special plea, the title to land *may* be drawn into controversy, or only when, by the course of pleading, it is actually contested.

Should the defendant, instead of pleading the general issue in a case of this sort, plead in bar, that the injury complained of was the result of the plaintiff's misconduct, or want of caution, or should the defendant admit the facts set forth in the declaration to be true, yet insist that they presented no legal ground of recovery,—and this may be a proper course, though formal pleadings are seldom adopted before a justice,—can it be said, that, in these cases, within the meaning of our statute, the title of land is concerned? We think not. The language of the statute does not reach any particular form of action; it does not rest the exclusion of jurisdiction upon any abstract possibility of the occurrence of a question of title; but it is made to depend upon the fact, whether, without reference to the nature of the action, it is actually in controversy. We think this is the proper construction of the statute. Whatever actions *necessarily* involve such an inquiry, as ejectment, and other real actions, and as, perhaps, do also the two adverted to by BENNETT, J., in the case of *Whitney* v. *Bowen*, these, of course, fall within the exception in the statute. It is not pretended, that the present action is one of that description. It is left, then, to be determined by the pleadings subsequent to the declaration, whether it comes within the statute. As already stated, no such pleadings have been interposed in the present case; and consequently we cannot say any right of way, even, was concerned. On another ground we were all inclined to think the action should not have been dismissed; and that is, that similar language in the previous statutes, as far back as 1787, has received a practical construction, universally, it is believed, acquiesced in by courts and the bar, in accordance with the views above indicated. Actions of this kind have been frequently brought before justices of the peace in different parts of the state, without question; and in one

case, at least, such an action came into this court, which was orig- inally commenced before a justice. No question was there raised as to jurisdiction. *Yuran* v. *Randolph*, 6 Vt. 369.

Were we satisfied, which we are not, that this general practical construction was erroneous, we should be with difficulty induced to overturn it, in a question involving no important principles.

The result is, the judgment of the county court is reversed, and the case is remanded for farther proceedings in that court.