EDWARD FLANNERY v. THOMAS B. HINKSON, *Apellant.*

*Jurisdiction. Justice of the Peace.*

A justice of the peace has no jurisdiction when upon a traverse of all the material facts alleged in the declaration, the title of land would be involved in the issue.

The fact that a deed which the declaration described, in an action of covenant, and which the plaintiff would be bound to prove, if the execution had been denied, contains, among other covenants, a covenant of seizin, and warranty of title, was no objection to the jurisdiction of a justice of the peace, unless the allegation of the breach tendered an issue as to the title.

After alleging all the facts showing that the plaintiff was obliged to pay taxes on land bought of the defendant, and assessed to him on his list made before the defendant conveyed to the plaintiff, to prevent the land being sold by the collector, the declaration immediately proceeded: " and the plaintiff says the defendant has broken all of said covenants and has refused to perform his covenants aforesaid, and the plaintiff, in consequence thereof, has been obliged to pay large sums of money to prevent being ejected from said land, which it was the duty of the defendant to pay." *Held,* that this was but a conclusion of law upon facts previously stated, and not an allegation of fact; and did not involve the question of title.

THIS was an action upon covenants in a deed, commenced before a justice of the peace. The defendant moved the county court, that the action be dismissed, and for his costs, because said action was commenced before a justice of the peace, and came to the county court on appeal, and was, at the time it was so commenced, and is now, without the jurisdiction of a justice of the peace to determine. The court, upon hearing said motion and argument, dismissed the action for want of jurisdiction in the justice of the peace,—to which the plaintiff excepted.

The first count in the declaration was as follows :

" For that whereas heretofore, to wit: said T. B. Hinkson, as administrator of Elijah Hinkson's estate, at Richmond, on, to wit: the 21st day of May, 1864, for and in consideration of four hundred and twenty-five dollars to him paid by Edward Flannery, a certain piece of land in Bolton, in said county, which deed is under the said T. B. Hinkson's hand and seal, as administrator of Elijah Hinkson's estate, whereby he granted and released to said Edward Flannery, his heirs and assigns, certain messuages, tenements and lands, with the appurtenances, commonly known as lot 164, and west half of lot 173, situate in said Bolton, the defendant did, by his deed as admin-

istrator 'as aforesaid, which is now brought into court, grant and release said land, with the appurtenances thereof, to said Edward Flannery, his heirs and assigns forever, and among other things, said T. B. Hinkson covenanted that his father, Elijah Hinkson, of whose estate he was administrator, died seized of the granted premises and that he was authorized to convey the same, and that he had observed the rules of law in the said sale, and that he and his heirs, executors or administrators, would warrant and defend said premises unto the said Edward Flannery, his heirs and assigns, against all persons claiming the same by, from, or under the said Elijah Hinkson, or him, the said T. B. Hinkson, and against all lawful claims and demands of all persons whomsoever, and the plaintiff says, that said land was, to wit: on the 1st day of April, 1864, held by, and set in the grand list of Bolton, and a town school tax and state tax were assessed on said land to T. B. Hinkson, administrator of Elijah Hinkson's estate, in the list of 1864, and was, at the time of said conveyance, encumbered with a tax upon the same, which, according to the covenant of said deed, it belonged to said T. B. Hinkson to pay, and also all the taxes upon that land for that year; said taxes so assessed against T. B. Hinkson, as administrator, on said land, were put in the hands of the collector of taxes of that town, Bolton; said T. B. Hinkson was called upon to pay the said taxes, which he refused, and directed the constable to sell said land on which the tax was assessed, and said plaintiff was called upon to pay them, and gave notice to said defendant to pay them, which said defendant refused, and directed the constable to sell said land to pay said taxes, and said collector, Morse, advertised said land for sale for said taxes, and on the day of the sale, said plaintiff paid said taxes and costs to prevent the same being sold for said taxes to any other person. Said plaintiff says, that "T. B. Hinkson was to warrant and defend, and did covenant to warrant and defend, by his deed, said premises to him, his heirs and assigns, against all persons claiming the same by, from, or under the said Elijah Hinkson, or the said T. B. Hinkson, and against all lawful claims and demands of all persons whomsoever." And the plaintiff says the defendant has broken all of said covenants, and has refused to perform his covenants aforesaid, and the plaintiff, in consequence thereof, has been obliged to pay large sums of money to prevent his being ejected from said land, which it was the duty of the defendant to pay. The plaintiff says he has ever fulfilled, on his part, but the defendant refused to keep his covenants, to the damage of fifty dollars, to recover which sum, the plaintiff brings suit."

*S. H. Davis*, for the plaintiff.

*Jeremiah French*, for the defendant.

The opinion of the court was delivered by

PECK, J. The question is whether the county court erred in dismissing the suit on defendant's motion for want of jurisdiction of the justice before whom the suit was commenced. The ground urged against the jurisdiction is that the title of land is concerned. If so the justice had no jurisdiction. This must be determined by the declaration. If on a traverse of all the material facts alleged in the declaration, the title of land would be involved in the issue, the justice had no jurisdiction, and the action was properly dismissed; otherwise the justice had jurisdiction, and the judgment of the county court was erroneous. The action is for a breach of covenant in a deed of conveyance of real estate, alleged to have been executed to the plaintiff by the defendant as administrator of Elijah Hinkson. The covenants set forth specifically in the declaration as contained in the deed, include, among other covenants, most of the covenants usually contained in deeds of warranty; and among them is a covenant that the intestate died seized of the premises. The fact that the deed which the declaration describes, and which the plaintiff would be bound to prove if the execution is denied, contains, among other covenants, a covenant of seisin and warranty of title, is no objection to the jurisdiction of a justice of the peace, unless the allegation of the breach tenders an issue as to the title. The date of the deed is May 21st, 1864. The only breach specifically alleged, is that the land was set in the defendant's grand list of Bolton where it was situated, for that year; that taxes were assessed upon that list against the defendant, put into the hands of the constable for collection, that the defendant was called upon to pay the tax and refused, and that he directed the land to be sold for the taxes, that the constable advertised the land for sale, and that on the day of the sale the plaintiff paid the taxes and costs to prevent the sale to some other person. It is evident that the title to the land is not involved in the proof of this breach. But the declaration immediately proceeds: " And the plaintiff says the defendant has broken all of said covenants, and has refused to perform his covenants aforesaid, and the plaintiff in consequence thereof, has been obliged to pay large sums of money to prevent being ejected from said land, which it was the duty of the defendant to pay,"

This allegation is relied on by the defendant's counsel as ousting the justice of jurisdiction. Whether it has this effect, depends on the construction of the declaration. If it is treated as an allegation of an additional breach, as the defendant insists, it is fatal to the jurisdiction of the justice ; because it includes a breach of the covenant of seizin. But if it is but a legal conclusion which the pleader attempts to draw from the facts previously alleged, it has no such effect. If this allegation had commenced with the words, " *so that* the plaintiff says the defendant has broken his covenants," &c., which is the usual form of the concluding allegation in actions of covenant, there could be no doubt of its being a conclusion of law, and not an allegation of fact. The use of the word *and,* in place of the words, *so that,* is too trifling a departure from the precedents in such actions, to alter the construction ; especially as in other respects the allegation is in substance the usual concluding allegation in actions of covenant, and which is always held to be but a conclusion of law from facts previously alleged. This allegation therefore does not enlarge the breach previously assigned, or add to the scope of the declaration. Thus far the first count only has been noticed ; but the other count, so far as this question of jurisdiction is concerned, is the same in construction and legal effect. As it does not appear from the declaration that the title to land is concerned, the judgment of the county court dismissing the action is erroneous, and the judgment is reversed and new trial granted.