GEORGE W. BELL *v.* JOHN A. PROUTY.

*Highways.   Pent Road.   Jurisdiction.   Justice of the Peace.*

In an action against an individual for obstructing a public pent road alleged in the declaration and proved to have been laid through the defendant's land, the title to land is not so involved as to oust the jurisdiction of a justice to try the case. The right to recover would not depend on the defendant's ownership of the land.

ACTION on the case to recover damages from defendant for obstructing a public pent road.   The *ad damnum* in plaintiff's writ was two hundred dollars, and plaintiff's declaration set forth the damage suffered by him at two hundred dollars.   The defendant filed a motion to dismiss for want of jurisdiction in the county court.   The court overruled this motion, and trial was had by jury, at the February term, 1870, Orleans county, STEELE, J., presiding.

The motion to dismiss was not made until the jury were impaneled to try the case.   The case was entered in court, December term, 1867.   After the declaration had been read to the court and jury, the court asked defendant's counsel to state what was pleaded to the plaintiff's declaration.   The defendant's counsel replied that they first moved to dismiss the plaintiff's action because the *ad damnum* was $200, and the case was not within the original jurisdiction of the county court.   The plaintiff claimed that the case involved a question as to the title of land.   The

court overruled the defendant's motion to dismiss, to which defendant excepted. The defendant then pleaded the general issue, and the cause proceeded to trial.

On trial it appeared, before plaintiff rested his case, that the way, for obstructing which by defendant the action was brought, was in part a pent road duly established by the selectmen. The rest of said way was over land of defendant, which lay alongside side of and south of said pent road. At a point on the pent road some rods before said pent road reaches the place where it intersects with the main road, the travel had been diverted for some time, so as to cross defendant's land southeasterly of the pent road, and so as to intersect with the main road on defendant's land. The plaintiff claimed that as the travel had for many years crossed defendant's land as stated, instead of following the surveyed lines of the pent road, this new line had, by adoption, become a pent road, and that the surveyed line had, to the same extent, been abandoned, and ceased to be a pent road.

The plaintiff's evidence tended to show that defendant, without leave from the selectmen, had put a gate or bars across the end of that part of the pent road as traveled, which was on defendant's lands and outside the surveyed limits of the pent road, at the point where it intersects with the main road; that defendant had, without leave of the selectmen, erected a pair of bars and put in other obstructions upon another part of the pent road as traveled which *was* within the surveyed line.

The plaintiff claimed to recover the damages he had suffered by reason of both classes of obstructions.

The defendant claimed that plaintiff had no right to travel upon defendant's land outside said surveyed limits of the pent road; that the facts did not show that said road as traveled had by adoption been substituted for said road as surveyed, and defendant denied the placing of the obstructions upon the other part of said pent road, except as authorized by the selectmen.

After the plaintiff's evidence was in, and again after the whole evidence was in, the defendant renewed his motion to dismiss, which was again overruled, to which defendant excepted. The jury rendered a verdict for plaintiff.

The declaration alleged that the said road ran through the defendant's land.

*J. T. Allen* and *L. L. Durant*, for the defendant.

*Bisbee & Grout*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.   Upon the declaration and proofs in this case the gist of the action is the obstruction of a pent road by the defendant to the damage of the plaintiff.   A pent road is a public highway.   The fact that the highway in question was in the defendant's land was not at all material; the plaintiff's right to recover did not at all depend upon the defendant's ownership of the land in which the highway was; he could as well recover of the defendant for the obstruction of a highway in the land of some other person to his damage as for the obstruction of a highway in the defendant's own land to his damage.   The allegation that the road was in the defendant's land was mere matter of description.   The substance of the allegation, in this respect, is the existence of the road; the general issue denied its existence.   The evidence of the plaintiff supported his side of this issue, and that of the defendant his side; that of the plaintiff tended to show the road to be in part without the surveyed limits of it, and that the defendant had obstructed it both without and within them; that of the defendant tended to show the road to be wholly within the surveyed limits of it, and that he had not obstructed it there.   The material question upon the evidence was, whether there was a highway or not which the defendant had obstructed.   The proof followed the allegations and the title to land was as much concerned in the issue upon one as in that upon the other.   No private right of way was in issue upon either.   If the obstructions had remained until the town had become liable for damages in consequence of them, and an action had been brought against the town to recover for such damages, the title to land would have been as much concerned in that action as in this.   In *Whitman* v. *Pownal*, 19 Vt., 223, it was held that the title to land was not so concerned, in actions

36

against towns to recover for damages sustained by reason of the iusufficiency of highways, but that justices had jurisdiction to try them. This case cannot be distinguished from those actions in this respect, and that decision is decisive of this case. No inference that the jurisdiction could be sustained upon the proofs, when it could not be upon the declaration, is to be drawn from the manner in which this case is here treated. *Jakeway* v. *Barrett*, 38 Vt., 316.

Judgment reversed and cause dismissed.