Dano et al *v.* Sessions.

## CHARLES DANO ET AL. *v.* GEORGE C. SESSIONS.

*Justice of the peace.   Jurisdiction.   Title to land.*

An action in tort for that the defendant induced the plaintiff to purchase a specified parcel of land by fraudulently misrepresenting the number of acres it contained, does not involve the title to land, and a justice of peace may take jurisdiction.

Appeal from the judgment of a justice.   Action on the case for deceit in the sale of land.   Heard upon general demurrer to the plaintiff's declaration at the December term, 1890, Start, J. presiding.   The case was dismissed upon the ground that the title to land was involved and that therefore the justice had no jurisdiction.   Exceptions by the plaintiffs.

The case appears in the opinion.

*Stewart & Wilds*, for the plaintiffs.

The title to land is not concerned.
*Jakeway* v. *Barrett*, 38 Vt. 316.

*Bliss & Royce*, for the defendant, cited :
*Jakeway* v. *Barrett*, 38 Vt. 316; *Whitney* v. *Bowen*, 11 Vt. 250 ; *Haven* v. *Needham*, 20 Vt. 183 ; *French* v. *Holt*, 51 Vt. 544; *French* v. *Holt*, 57 Vt. 187 ; *B. and L. R. R. Co.* v. *Brush*, 57 Vt. 472.

The opinion of the court was delivered by

TAFT, J.   In actions of a civil nature, if the title of land is concerned, a justice of the peace has no jurisdiction.   The question must be determined by the declaration.   If on a traverse of all the material facts alleged therein, the title of land is involved in the issue, then the title is concerned and the cause is

without the cognizance of a Justice Court. The plaintiffs allege that the defendant for the purpose of inducing them to buy of him a certain tract of land, describing it by metes and bounds, for an agreed price, fraudulently, falsely, and knowingly represented to them that the tract of land contained one hundred and sixty acres, whereas in truth and in fact, it contained but twenty. That they, relying upon such representations, purchased the land and paid for it. The suit is not brought to recover damages for a breach of the contract nor to enforce any of its provisions, but to recover damages resulting from the fraud of the defendant which induced the plaintiffs to enter into it. The *gravamen* of their complaint is, that the defendant fraudulently represented to them that within the metes and bounds described, there were one hundred and sixty acres, instead of, as they claim, but twenty. The plaintiffs may prove every material fact alleged in the declaration without proving title or want of title. The title of land therefore is not involved in any issue presented by the declaration when the plaintiffs are put to its full proof. *Jakeway* v. *Barrett*, 38 Vt. 316; *Flannery* v. *Hinkson*, 40 Vt. 485. As it does not appear from the declaration that the title of land is concerned, the dismissal of the action was erroneous.

*Judgment reversed and cause remanded.*