### Richard J. Carney and Madeline M. Carney v. Irene M. O'Byrn

[321 A.2d 35]

No. 229-73

Present: Barney, C.J., Keyser, Daley and Larrow, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed June 4, 1974

*Karl W. Neuse, Esq.*, Middlebury, for Plaintiffs.

*Hanford G. Davis, Esq.*, Brandon, for Defendant.

**Shangraw, C.J. (Ret.)** On August 29, 1968, the defendant, Irene M. O'Byrn, and her since deceased husband, Edwin O'Byrn, conveyed certain lands and premises in the Town of Salisbury, Vermont, to the plaintiffs, Richard J. Carney and Madeline M. Carney, by warranty deed. That deed warranted that the Salisbury property was "free from every encumbrance". However, at the time of the conveyance, the Salisbury property was subject to an oil, gas, and mineral lease that had been conveyed by the O'Byrns to the Cambrian Corporation on October 14, 1964.

The plaintiffs filed a complaint in the District Court of Vermont, Unit No. 2, Addison Circuit, alleging these facts and praying for damages suffered as a result of the encumbrance, being the oil, gas, and mineral lease. The defendant filed an answer admitting the conveyance of the Salisbury property to the plaintiffs by warranty deed and denying the existence of the oil, gas, and mineral lease encumbrance on the Salisbury property. However, both parties later stipulated to the existence of that encumbrance on the property. In that stipulation, the defendant reserved the right to appeal any judgment on the grounds that the district court did not have proper jurisdiction of the action.

The district court, in its judgment order, entered judgment for the plaintiffs and awarded damages in the amount prayed for in their complaint, together with interest and costs. The defendant appeals to this Court contesting only the jurisdiction of the district court in this action.

The relevant jurisdictional statute for the district court is 4 V.S.A. § 437, which reads in part: "The district court shall have jurisdiction of civil actions wherein the debt is not over $5,000.00 and *title to real estate is not involved. . . .*" (Em-

phasis added.) The defendant maintains that actions for breach of warranty in a deed conveying land necessarily involve title to land, *ergo* the district court was without jurisdiction to entertain this action.

█ Both parties argue that case law interpreting an earlier statutory jurisdictional exception imposed on justices of the peace "where the title of land is concerned" applies to the case at bar. We agree. Mr. Justice Davis, writing for the Court in *Whitman* v. *Town of Pownal*, 19 Vt. 223, 229 (1847), has provided the interpretation of this jurisdictional bar that we follow:

> The language of the statute does not reach any particular form of action; it does not rest the exclusion of jurisdiction upon any abstract possibility of the occurrence of a question of title; but it is made to depend upon the fact, whether, without reference to the nature of the action, it is actually in controversy.

█ Title to real estate was not "actually in controversy" in the case at bar. The defendant admitted in her answer that the Salisbury property was conveyed by her and her husband to the plaintiffs by warranty deed. She also admitted in the stipulation that she and her husband conveyed an oil, gas, and mineral lease to the Cambrian Corporation, and further that this amounted to an encumbrance on the plaintiff's property. Hence, by her own admissions, the defendant removed any issue whatsoever as to title to real estate from the action. See *Flannery* v. *Hinkson*, 40 Vt. 485, 487 (1868); *Jakeway* v. *Barrett*, 38 Vt. 316, 326 (1864). Therefore, the district court did not have before it an action wherein title to real estate was involved, and the district court, in rendering judgment for the plaintiff, was not in conflict with 4 V.S.A. § 437.

*Judgment affirmed.*