The opinion of the Court, was delivered by
Ryerson, J.
The action below was qui tam &c. for cutting timber. On the trial of the appeal, the Common Pleas permitted the defendant to give in evidence, the fact of his being in possession, as owner, of the land on which the timber was cut. This was for the double purpose as would seem, of disproving the right which the plaintiff attempted to establish by possession; and also, *88 of showing an actual right of similar character in the defendant. The plaintiff’s counsel contended this was erroneous, and contrary to “ an act to prevent the unlawful waste and destruction of timber in this StateRev. Laws, 700. The language of that statute is,that, “the justice may proceed” (in the cause or trial) “notwithstandingany claim the defendant may offer to make to the land, unless he shall immediately enter into bond,” &e. conditioned for his appearance at the next court, where the same may be cognizable in an action of trespass ” &c. The counsel also insisted that it was contrary to the “ act constituting courts for the trial of small causes” Rev. L. 629, which excludes absolutely from the jurisdiction of a justice of the peace, all actions wherein the title to any lands shall come in question; and provides for the removal thereof, into this court, and a trial on the title only. Idem, 639 — see. 1, 33, 34, 35.
, These two acts should be construed together. They are in pari materia, so far as the question of jurisdiction is concerned, and the mode of conducting a trial. If the former stood alone, it would not seem a violent construction, even to allow a justice to try the title to lands, if the defendant omitted to give bond according to its provisions. But there can be no doubt, (none has ever been entertained that I know of,) that in conducting proceedings'under what is commonly called the timber act, the justice, in general, must be governed by the act constituting his court.
By either or both of these statutes, the justice may try the fact of possession. This is the proper limit of his jurisdiction. This he is as competent to try; and the proof thereof may be as readily comprehended and regulated, as those involved in many other actions which he is called upon to settle. He cannot ordinarily, enquire into any matter of title to lands or real estate, involving the execution, validity or construction of deeds, mortgages, wills, judgments or decrees, &c. These very frequently call for the deepest learning of the law, and are wisely placed beyond the pale of the justice’s jurisdiction. But not so the question of fact relating to the possession. I know of no decision of this court, or commentary on the statutes referred to, which calls in question his power to enquire into it. On the contrary, various opinions and decisions may be found, expressly recognizing it, *89 not only in the action of trespass, but the more questionable one for a nuisance to land; as the causing it to be overflowed by water. Ming v. Compton, Penn. 345, Penn. Treat. 18, 67 to 70 old edition. Rev. L. 666, sec. 1. Gregory v. Kanouse 6 Hal. 62. Blackman v. Hagerman Penn. 1032. And yet possession is title, technically speaking, 2 PI. Com. 195, of a low grade, it is true, but still it is title. By “ title and claim ” then, in the acts in question, our Legislature must have intended to distinguish between sueh title as a possession alone gives, and title by documents, or other matters conferring title, independent of a present possession ; such as consanguinity, descent, endowment and curtesy. Notwithstanding, therefore, proving possession is in some sense proving a claim, or title, yet such evidence may lawfully be given in this action, and in a justice’s court.
The plaintiff’s theory of this action, seems to be, that by omitting to remove the cause, and allowing himself to be brought to trial before the justice, the defendant impliedly admits the title and possession of the land in question, as claimed in the declaration. But to this there are objections, to my view, insuperable. It has been repeatedly decided by this Court, that on the removal of the action here, pursuant to the directions of the statute, the defendant can plead title only. By the position against which I contend, the defendant by going to trial before the justice, admits the plaintiff’s possession. If the action is brought here, by the pleading of the defendant, in the inferior Court, this Court compels him to a like admission. No matter therefore, how fair and valid a possession the defendant have, he must yield all its rights and immunities, to his adversary. This is contrary to the well settled principles of the law. He who hath the possession, may fold his arms in security, till his right is impeached. It is the common right of all defendants. The plaintiff would reverse this order of natural justice, and compel the defendant to assume the burden of proof: to admjt himself a wrong doer, unless he would affirmatively prove his innocence. And that too, without being allowed to vouch in aid, his possession, which may be, in many cases, very complete and satisfactory evidence of his right. It appears therefore, incontrovertible, to my mind, that in this action, and in the justice’s court too, as well as all others, the defendant may put himself on t-he general issue. On that is *90 sue, the plaintiff must prove his whole case, and as a part thereof, the title to the lands, to be in the person in whom he alleges it. When I say he must prove title, I do not mean necessarily, an absolute title. It will be sufficient in the first instance, merely to give evidence, such as possession, affording a fair presumption of his right. When the plaintiff can make out his case by such evidence as the justice may lawfully receive, his action may be brought and tried in that jurisdiction. When he relies on documentary or other evidence, which the justice cánnot adjudicate upon, another tribunal must be resorted to. I add, what appears to me an axiom, that whatever the plaintiff may prove, the defendant may disprove, by the same kind of evidence. Parlaman v. Parlaman, Penn. 269.
The evidence therefore was properly received by the Court below, and the judgment should be affirmed.
Hoenbloweb, C. J. and Ryersoít, J. concurred.

Judgment Affirmed.

Cited in Osborne v. Butcher, 2 Butcher 310.