## HOLMES MESSLER v. SARAH A. FLEMING ET AL.

In a suit before a justice of the peace, for rent, the defendant offered in evidence two deeds, to show that before the due day of the rent the demised premises had been conveyed to C., and that, as an incident of such conveyance, the right of action for the rent was in C., and not in the plaintiff. *Held,* that the title to lands thereby came in question, and that the justice should have dismissed the suit for want of jurisdiction; also, that the defendant was not, in such case, required to plead title and give bond.

On *certiorari.*

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiff, *C. Robbins.*

For the defendant, *J. W. Swartz.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Sarah A. Fleming recovered a judgment against Holmes Messler before one of the justices of the peace of Monmouth county, for one quarter's rent, from October 1st, 1872, to January 1st, 1873, due on a lease under seal, executed by her to said Messler.   This judgment was taken by appeal to the Monmouth Pleas, and there affirmed.   On the trial below, Messler offered to put in evidence two deeds of the leased premises : first, a deed made by virtue of proceedings on foreclosure, by the sheriff of Monmouth county to the executors of Daniel H. Applegate, dated October 26th, 1872 ; and second, a deed by said executors to William W. Conover, dated November 7th, 1872.   Messler set up in his defence that, by virtue of these conveyances, the right to the quarter's rent in question, which had accrued subsequently to the delivery of these deeds, passed thereby to said Conover, to whom he had paid it.

The questions presented by this *certiorari* are :

*First.* Whether, by the offer and admission of the deeds, the title to lands would have come in question.

*Second.* If so, what action the justice and the Court of Common Pleas should have taken upon the production and offer of the deeds by the defendant below.

It is insisted that they were admissible, not for the purpose of proving title, but to show that before suit brought plaintiff's right to the rent had been transferred to another.

That the tenant might have set up, in the justice's court, that his landlord had assigned the rent to another, will not be

denied. It would undoubtedly have been competent to show a written assignment, or a parol order to pay the rent to another, upon which the tenant had acted. The question is whether the tenant proffered to show that fact by evidence which could be received and passed upon in that court.

The provisions of the small cause act relating to this matter are " that it shall not extend to any action wherein the title to lands, tenements or hereditaments, or other real estate, shall or may in anywise come in question;" and " that when the defendant shall, as a justification, plead title to any real estate in himself or another under whom he acted or entered, he shall commit the plea to writing, and give bond," &c.

The effect of these provisions is clearly stated by Justice Ryerson, in *Hill* v. *Carter*, 1 *Harr.* 87 : " The justice may try the fact of possession. This is the proper limit of his jurisdiction. He cannot ordinarily inquire into any matter of title to lands, involving the execution, validity or construction of deeds, mortgages, wills, judgments or decrees. They very frequently call for the deepest learning of the law. By title and claim, then, our legislature must have intended to distinguish between such title as a possession alone gives, and title by documents, or other matters conferring title, independent of a present possession, such as consanguinity, descent, endowment and curtesy."

With equal precision the rule is stated by Chief Justice Green in *Campfield* v. *Johnson*, 1 *Zab.* 85 : " Title is generally applied to signify the right to land and real effects. It is the right of possession, or of property in lands as distinguished from the actual possession, and it is precisely in this sense that the word appears to have been used in the statute now under consideration. The right to try actions concerning real estate, involving the mere fact of possession, is vested in the court for the trial of small causes. But the statute excludes from its jurisdiction all cases where, either in support of the action or in maintenance of the defence, any right or title is involved other than the naked fact of possession."

In *Gregory* v. *Kanouse*, 6 *Halst.* 62, Chief Justice Ewing

says : " The rule excludes from the court of small causes all such actions of trespass as necessarily require, on the part of the plaintiff, evidence of title; as the action for mesne profits after recovery in ejectment.   It excludes also the class of cases in which redress is sought by the remainderman or reversioner, for in such cases proof of title is essential."

In the language of Justice Depue in *Dickerson* v. *Wadsworth*, 4 *Vroom* 357, " a justice of the peace not having jurisdiction to try the right of possession, whenever the situation of the owner in relation to the *locus in quo* is such that his possession is constructive, and can be proved only by proof of his title, the reason for this construction ceases, and the justice cannot be said to have jurisdiction.   See, also, *Osborne* v. *Butcher*, 2 *Dutcher* 308.

Applying the clear interpretation which has so repeatedly been given to our statute, must lead, I think, to an affirmative answer to the first question upon which this case turns.

There is no pretence that Conover ever had actual possession of the leased premises.   The defendant offered to show no right in Conover to receive the rent by actual assignment or transfer of it from Fleming.   His claim to the rent rests upon the fact that under the deeds offered in evidence, the title to the demised premises had passed out of Fleming before the due day of the rent, and vested in him.

The object of the deeds was to show a change of title, from which it was to be argued that the rent was transferred.   The proposed defence rested upon the ground that the rent passed as an incident to the title, and unless the title passed by the deeds, the right to the rent remained in Fleming.   If Fleming still had the legal title, her right to receive the rents remained unimpaired.   If the deeds had been admitted, the question of title must necessarily have been passed upon by the justice.

The right to the rent passed to the grantee of the reversion under the deeds, with the title which he thereby acquired.   If there was no title in the grantee there was no right to the rent, and it could not be held that he had any right to the

rent until it was determined that the title was vested in him by the conveyances.

The point of the evidence was to show that the title had passed and with it the right to the rent, for in no other way could the defence have been maintained. It was an offer to show that the title to the lands had passed out of his lessor by operation of the deeds, and that, as a conclusion of law from that fact, the right to recover the rent vested in the grantee.

This clearly involved the question of title, for, as Justice Ryerson observed in Hill v. Carter, " whatever the plaintiff might prove, the defendant might disprove by the same kind of evidence."

The converse of this proposition must also be true, that whatever the defendant may prove, the plaintiff may disprove by like evidence.

Fleming might have denied that the deeds were duly executed to pass the title to lands, or that the sheriff's signature was genuine, or she might have set up that the executors of Applegate reconveyed to her by a deed, which, under the registry laws, was entitled to priority over the deed to Conover.

If Conover had brought suit for the rent in a justice's court, could he have given the deeds in evidence to establish his title, and his right to the rent as an incident of it?

If so, the defendant would have been entitled to overcome its effect by showing title in another, and thus the title to land would have become the subject of controversy in the suit.

In *Main* v. *Cooper*, 26 *Barb.* 468, the plaintiff sued for rents, to which he claimed a right by virtue of conveyances set forth in his complaint.

The Supreme Court, on review, held that by the plaintiff's own showing the title to real estate was brought in question, and that the justice had no jurisdiction. This case was affirmed in a well-considered opinion in the Court of Appeals, reported in 25 *N. Y.* 180.

In *Winter* v. *Peterson*, 4 *Zab.* 524, it was not necessary to hold that the deed was admissible in evidence in order to

sustain the judgment of the court, and it is so stated in the opinion of the court in that case.

In *Van Doren* v. *Bellis*, 2 *Halst.* 137, the record of judgment in ejectment and the writ of *habere facias* were held to be competent for the purpose of showing that one Schenck had been put in actual possession of the premises before they were demised to the defendant.

There is nothing in either of these cases, giving them the fullest significance, which will justify the admission of the testimony offered in the case before us.

Assuming, therefore, that these deeds could not be received in evidence by the justice, because by their introduction title to lands would have come in question, it remains to be considered what effect the offer of such testimony and the production of the deeds should have had upon the suit.

Should the defendant have pleaded title and given bond, or should the justice have dismissed the suit for want of jurisdiction?

When the defendant shall, as a justification, plead title to any real estate in himself or another, under whom he acted or entered, he shall commit the plea to writing and give bond.

The justice could not try the question of title, and therefore if the defendant was not bound to plead title and give bond, in order to avail himself of this defence, it was the duty of the justice to dismiss the suit as one in which the title to land came in question. The defendant denied that the plaintiff below was entitled to the rent; he did not, as a justification, plead title in himself or another, under whom he acted or entered. The justification contemplated by this statute is that of some injury to or entry upon land, in defence of which title to land is sought to be set up; a justification of something which has been done by the defendant.

It made no difference whether the defendant had paid the rent to the person entitled to receive it or not; if he could show that the person then claiming it of him was not entitled to it, his defence would be complete.

The defendant had done no act which it was necessary to

justify; he simply said to the plaintiff, you have no right to require me to pay this rent, because the right of action for it is in another, as an incident to the title which he has acquired to the demised premises.

By the express language of the New York statute, if the plaintiff must show title to support his action, and that title is disputed, the case must be dismissed, and if the defendant wishes to support his defence by setting up any matter which will bring title to land in question, he must plead it and give security to answer the suit in a higher court.

Unless, therefore, our statute is held by construction to mean what the New York act expresses, that whenever the defendant desires to maintain his defence by setting up any matter which will bring title in question, he could not be required, in a case like the one under discussion, to plead title and give bond.

The word "justification" might be held to mean defence, and if our statute had provided that " when the defendant shall, as a justification, plead title, he should give bond," it might fairly be interpreted to require a bond in every case where the defendant found it necessary to offer proof of title in his defence.

But the superadded words of the act give it a different signification, by limiting its application to those cases where the defendant pleads title to justify some act or entry on the land by himself. If the legislature had intended it to have the wider meaning, it would have declared, in the language of the first section of the small cause act, that if the defendant intends to support his defence by setting up any matter which " will bring title to land in question," he shall give bond. From the change in the language used in the latter section of the same act, the inference is strong that such was not the legislative intent.

If a promissory note was given for the purchase price of a tract of land conveyed with covenants of general warranty of title, and the defendant to a suit on the note in a justice's court, wished to set up that there had been an entire failure

of title, would it be necessary to plead title and give bond? With what propriety could it be said that the defendant, in such case, as a justification, pleaded title in himself or another, under whom he acted or entered?

In cases, therefore, not within the latter section of the act, the defendant must either lose the opportunity to make a just defence, or the justice must dismiss the suit because title to land comes in question. There is nothing in our statute which indicates a purpose on the part of the legislature to put it in the power of a plaintiff; by selecting his own tribunal, to deprive his opponent absolutely of an opportunity to set up what would elsewhere be a complete bar to the suit.

The defence offered below, if it could have been heard, would have exonerated the defendant from liability. Any interpretation of the act which will permit a plaintiff to exclude a just defence by choosing his own forum, must be faulty.

When the deeds were produced and inspected by the justice, and he found that it was not a sham defence, but that the question of title was in fact raised in the case, he should have dismissed the suit for want of jurisdiction. It is like an action of debt, where, on the trial, it is found that the matter in dispute exceeds $100, the justice can proceed no further.

The like course should have been taken in this case, in the Common Pleas, on the trial of the appeal.

It was a mistake to reject the evidence and proceed to judgment for the plaintiff; there should have been a dismissal for want of jurisdiction. For this reason, the judgment of the Pleas should be reversed.