# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1910.

---

OSCAR L. STONE, APPELLANT, v. IDA BLANCHARD, APPELLEE.

FILED MAY 20, 1910. No. 16,045.

1. **Forcible Entry and Detainer: JURISDICTION.** A justice of the peace has no jurisdiction to try actions of forcible entry and detainer in which the title to real estate is sought to be recovered, or may be drawn in question, and in such case the district court on appeal has no jurisdiction to try such issue, and should dismiss the action for that reason.

2. ———: ———: **DEFENSES.** An equitable title to real estate and possession thereunder may be shown as a defense in an action of forcible entry and detainer. A justice of the peace has no jurisdiction to try such a title.

3. ———: ———. No mere claim of title or assertion that title is drawn in question will deprive a justice of the peace of jurisdiction to try the cause. He must ascertain from the evidence whether the action involves or draws in question the title to real estate.

4. ———: ———. Forcible entry and detainer is an action to determine the right of possession only. Any evidence tending to show which party is entitled to possession, whether it be title deeds or other written or oral testimony, should be considered. But a justice of the peace can try only the right of possession. If that right depends upon some right of the defendant, whether legal or equitable, in the property itself, he must dismiss the action for want of jurisdiction.

5. ———: ———: **DEFENSES: ESTOPPEL.** If title to real estate is sought to be recovered or drawn in question in an action of forcible entry and detainer, questions of estoppel affecting the right of defendant to assert such title cannot be decided by the justice of the peace.

6. ———: EVIDENCE. If a son gives to his mother money with which to procure a home, and pursuant thereto the money is deposited in a bank to the mother's credit, and real estate is purchased with a part of said money, and the mother builds a house thereon with the remainder and occupies the same as her home, the fact that the son took the title to the real estate in his own name without the knowledge of his mother at the time will not enable him or his grantee, who took a deed from the son while the mother was in possession of the property, to recover the possession of the property in an action of forcible entry and detainer.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Burr & Marlay,* for appellant.

*James A. Brown* and *J. T. Allensworth, contra.*

SEDGWICK, J.

This is an action in forcible entry and detainer, tried in justice court and appealed to the district court for Lancaster county. Upon the trial in that court without a jury the court found that the title to real estate was drawn in question, and that, therefore, the justice being without jurisdiction, the district court was without jurisdiction upon appeal, and dismissed the action. The plaintiff has appealed to this court.

The only question presented upon the record is as to whether the title to real estate is drawn in question within the meaning of section 907 of the code, which provides that justices shall not have cognizance "in actions in which the title to real estate is sought to be recovered, or may be drawn in question, except actions for trespass on real estate, which are provided for in this title." The plaintiff introduced in the evidence a warranty deed executed to him by George L. Blanchard and wife, and based his right of possession thereon. He then attempted to show that the defendant knew that he was purchasing the property from George L. Blanchard and encouraged him

in doing so, and other matters tending to show that the defendant ought to be estopped to deny the plaintiff's rights under the deed. This question of estoppel will be again referred to. The defendant, who is the mother of the said George L. Blanchard, testified that she and her husband had separated eight or nine years before, and that at the time they separated and were divorced they had two sons, George L. Blanchard and another son, and that they gave each of them 80 acres of land; that George sold his 80 acres of land and gave her $500 out of the proceeds with which to procure a home; that the money was deposited in the bank in her name, and that about six years before the trial George bought the lot on which the house in question was built out of this $500, and that she, the defendant, built the house thereon with the remaining $400; that she supposed at the time that the title to the lot was taken in her name, and that after she had begun building the house she learned that the title was taken in the name of George, and that thereupon she told George that she "did not like the idea of putting that money on the lot without it being in her name," and that he promised her that when it was all finished "he would make me a deed of it altogether"; that she went into possession of the house and lot as soon as the house was completed, and had occupied it as her own home ever since, a period of about six years, without paying rent to any one or recognizing any one else as the owner. The defendant was cross-examined at length, and appears to be a fair witness, without making any attempt to disguise in any way the facts connected with the transaction. The evidence of her son George was taken, and he testifies in general terms that the house was built with his money, and that it was his house and his property; that he had allowed his mother to reside there because she was his mother, and that he had paid the taxes on the property. There is, however, no denial in the record of the defendant's testimony that, when she and her husband were divorced, they divided their property between their two

sons, and that George, in consideration of receiving the 80 acres of land, agreed to furnish her with a home, and did actually deposit $500 to her credit for that purpose, and that the lot was bought and the house built with this $500.

The plaintiff insists that in an action of forcible entry and detainer to recover possession of real estate an equitable title and possession pursuant thereto is no defense, and that to assert and prove such a title is not competent in such an action, but that question has been more than once determined against him by this court. In *Lipp v. Hunt,* 25 Neb. 91, it appears from the opinion, which was written by the present chief justice of this court, that the plaintiff had the legal title to the property in question, and that the defendant claimed an equitable interest in the land under an oral contract of sale made with one who himself did not have the legal title, but claimed through mesne transfer of a contract of sale given by the South Omaha Land Syndicate to one S. S. Lewis. The evidence showed that the owner of this contract sold the property to the defendant without giving him any writing whatever, and that the defendant took possession and held the property under that purchase. The principal question discussed was whether the defendant's control and possession of the property was such as to give an innocent purchaser notice that he had possession of the property, and, after determining this question in favor of the defendant, the court said: "We presume the law is well settled in this state, at least, that if a purchase of real estate is made, even by an oral contract, if any considerable portion of the purchase money is paid and possession taken by the vendee, that this will be sufficient to take the contract out of the statute of frauds, and entitle the vendee to the performance of his contract. Also, that during such possession, if open and notorious, any purchase of the property by a third party will be with notice of the first vendee's rights, and will not cut off his equities. These questions can be litigated

only in a court having equity powers." All of the important questions presented and discussed in this case appear to have been determined in that decision.

Justice courts cannot try actions which involve title to real estate, or in which such title may be drawn in question. This court has frequently been called upon to construe this statute. No mere claim of title or claim or assertion that title is drawn in question will deprive the justice of power to try and determine the cause. He must ascertain from the evidence whether the action involves or draws in question the title to real estate. Forcible entry and detainer is an action to determine the right of possession, and any competent evidence, whether it be title deeds or other written or oral testimony, tending to show which one of the contending parties is entitled to possession of the disputed property must be considered by the justice. If he can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn in question. If, however, possession is held under and by virtue of some right in the property so that the right of possession cannot be determined without adjusting the right in the property itself, then the title to real estate is drawn in question, within the meaning of the statute. The justice must find from the competent evidence whether title to real estate is drawn in question, and not from the pleadings or from the claims or pretentions of the parties. There must be competent evidence tending to show that there is in fact a title to real estate in question tendering a genuine issue which the parties are entitled to have adjudicated. An unfounded assertion of right, without competent evidence to support it, will not deprive the justice of jurisdiction.

The evidence in this case is amply sufficient to bring it within the law as announced in *Lipp v. Hunt, supra.* George L. Blanchard had good reason to give to his mother a part of the proceeds of the 80 acres of land which

he received as a free gift from her and his father. When the $500 was placed to her credit pursuant to his promise, it became her money, and if this lot was bought and the house built thereon with her money, as the uncontradicted evidence shows, she is in equity the owner of the property and is in possession by virtue of that ownership. These are questions that cannot be tried by a justice of the peace.

The plaintiff introduced evidence tending to show that the defendant knew that he was about to purchase the property and encouraged him to do so without asserting her interest, and it is urged that she ought now to be estopped to claim any right in the property. There are several very sufficient answers to this suggestion. The plaintiff and defendant were near neighbors for several years before the transaction in question, and the plaintiff had beyond question actual notice of facts that would lead any man to suppose that the defendant had some rights in the property. He knew that the defendant was ignorant of her legal rights, and that she supposed that because she failed to get the deed, as her son agreed, she had been effectually deprived of her rights. Her statement to him was that if the property had to be sold she would rather he would buy it than any one else, and other similar statements. And, again, such statements would not affect her right to continue in the possession of the property except so far as they affected her right to the title itself, and the court plainly had no jurisdiction to try her title and no occasion therefore to weigh evidence that would affect her title. Such matters might very properly be presented to a court of equity with power to determine finally the interest of the respective parties in the real estate itself.

We think the judgment of the district court is clearly right, and it is therefore

AFFIRMED.