24

**SCHWARTZ v. MURPHY et al.**

No. 7353.

United States Court of Appeals for the District of Columbia.

Decided April 15, 1940.

Ward B. McCarthy and Harry Friedman, both of Washington, D. C., for plaintiff in error.

Leonard A. Block and William C. Murphy, both of Washington, D. C., for defendant in error.

Upon request of the Court, Corporation Counsel of the District of Columbia filed a brief as amicus curiae, Elwood H. Seal, Corporation Counsel, and Vernon E. West and James W. Lauderdale, Assistant Corporation Counsels, appeared.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This case is here on a writ of error to the municipal court of the District of Columbia. The petitioner, plaintiff below (hereafter referred to as plaintiff), sued, as administratrix of the estate of her husband, to recover an unpaid balance of the proceeds of a foreclosure sale of real estate. From the plaintiff's bill of particulars and affidavit of merit and from evidence introduced by her at the trial, the following appeared: During his lifetime the plaintiff's husband had purchased a tract of real estate in the District of Columbia, subject to a first trust deed securing a loan in the sum of $10,000 which he had assumed and agreed to pay. He executed and delivered to the sellers of the property a balance of purchase price note in the sum of $2500, the payment of which he secured by the execution and delivery of a second trust deed on the property. The defendants in the action are the trustees under this deed. There was default in payments on the $2500 note, and the defendants as trustees therefore made a foreclosure sale under the second trust deed, selling, of course, subject to the first trust deed securing the $10,000 first loan. The sale realized the sum of $1600. After this had been applied to the balance due on the $2500 note and taxes and expenses of sale, there remained in the hands of the defendants $503.30. Of this they paid, prior to the commencement of this action, $121.63 to the plaintiff as administratrix. It was to recover the balance of $381.67 that the

plaintiff brought the present suit. She proved, in addition to the foregoing, that the probate court had authorized the suit to recover these proceeds of the sale of the decedent's real estate, it having been made to appear to that court that the personal property in the estate was not sufficient to meet the debts and expenses thereof.

By a plea in the municipal court the defendant trustees admitted all of the matters above set forth except their liability to pay the balance of $381.67. In respect of this sum they asserted that they had properly paid out $25 as an agreed attorney's fee; and they alleged that the balance of $356.67 they had necessarily paid to the holders of the note secured by the first trust deed to discharge interest accrued to the time of the foreclosure sale. In addition to this plea the defendants, at the close of the plaintiff's case, entered a plea to the jurisdiction of the municipal court. This they based upon D.C.Code (1929) tit. 18, § 193, which, after defining the jurisdiction of the municipal court, excepts therefrom, among others, "cases involving title to real estate." We set out in the margin the text of the section in question.[1] In their plea to the jurisdiction, the defendants asserted that the plaintiff, in order to maintain her action, would be required to prove title in the decedent to the property which was the subject of the trust deeds. The municipal court declined to proceed further, holding that the plea to the jurisdiction was good. Because of the importance of the question involved, in respect of the limits of jurisdiction of the municipal court, we issued the writ of error.

In support of the action of the municipal court in declining jurisdiction the defendants rely upon Gray v. Ward, 45 App. D.C. 498, 1916, and Johnson v. Simmons, 53 App.D.C. 356, 290 F. 331, 1923. Gray v. Ward was an action in the municipal court to recover a vendee's deposit under a contract for the purchase of real estate. It appeared from the declaration and particulars of demand that the defendant—apparently an agent who had accomplished a contract of sale—had guaranteed, but had failed, to deliver a good title. There was a trial, and at the conclusion thereof the municipal court gave judgment for the plaintiffs for return of the deposit. An appeal was taken to the then Supreme Court of the District of Columbia and there, although a question was raised as to the jurisdiction of the municipal court, a trial was had and a verdict returned for the plaintiffs. The case then reached the Court of Appeals. Here there was a reversal, this court holding that the municipal court had no jurisdiction to try the cause, and that therefore the Supreme Court had had none. In deciding the case, the court, speaking through Mr. Justice Stafford said:

"Leaving out of view those states in which the justice may be ousted of his jurisdiction by some action of the defendant which puts the title to real estate in issue, it seems to be the fair result of the decisions that the question of jurisdiction under statutes like our own is to be determined by the declaration, and whenever it is necessary for the plaintiff, in order to make good his declaration, to go into the question of title, whether by way of proving it or disproving it, the title to land is involved, and the justice has no jurisdiction. When this test is applied to the present case, it is evident that the title to land was necessarily involved. As the court below instructed the jury, it was impossible for the plaintiff to recover if he did receive a good title by way of the deed in question." [45 App.D.C. at 505]

Johnson v. Simmons was an action brought in the municipal court to recover $32.24 for the use of a party wall. In an affidavit of defense the defendant denied the plaintiff's ownership in the wall, and on that ground denied any indebtedness.

---

[1] 193. *Jurisdiction.*—The municipal court of the District of Columbia shall have exclusive jurisdiction in the following civil cases in which the claimed value of personal property or the debt or damages claimed, exclusive of interest and costs, does not exceed $1,000, namely, in all civil cases in which the amount claimed to be due for debt or damages arises out of contracts, express or implied, or damages for wrongs or injuries to persons or property, including all proceedings by attachment or in replevin *(except in cases involving title to real estate* or actions against judges of the municipal court or other officers for official misconduct), and in actions for the recovery of damages for assault, assault and battery, slander, libel, malicious prosecution, and breach of promise to marry. (Mar. 3, 1901, 31 Stat. 1191, c. 854, sec. 9; Feb. 17, 1909, 35 Stat. 623, c. 134; Mar. 3, 1921, 41 Stat. 1310, c. 125, sec. 1.) [Italics supplied]

There was a judgment for the defendant, an appeal by the plaintiff to the then Supreme Court of the District, and in that court a jury verdict in the plaintiff's favor. Thereafter, however, this was set aside and a judgment of dismissal entered upon the stated ground of want of jurisdiction in the municipal court and therefore in the Supreme Court. Upon appeal to the Court of Appeals, this court sustained the judgment of dismissal upon the faith of Gray v. Ward, accepting as controlling the statement therefrom above quoted. In both Johnson v. Simmons and Gray v. Ward the limitation upon the jurisdiction of the municipal court was in the same terms as those set out in the margin above.

It is apparent that neither Gray v. Ward nor Johnson v. Simmons is on all fours with the instant case. In Gray v. Ward it appeared from the declaration that—unless there was to be a default by the defendant—there was an unavoidable issue as to title. The whole theory of the plaintiff's right to recover was that the good title guaranteed by the agent had not been forthcoming. In Johnson v. Simmons the plaintiff's title was put directly in issue by the defendant's plea. In the instant case not only is there no dispute as to the existence in the plaintiff's decedent of a title to the real estate which was made the subject of the two trust deeds, but also, the defendants themselves, by making their foreclosure sale upon the faith of it, recognized the decedent's title. They recognized it also by paying to the plaintiff, prior to the institution of her suit, a portion of the proceeds of the sale, the sum of $121.63. The action was one for money had and received, and the only issue between the parties was as to the propriety of the application by the defendants, in the manner above set forth, of the surplus of the proceeds of the foreclosure sale. Therefore, neither Gray v. Ward nor Johnson v. Simmons determines, in respect of a case like the instant case, where there is no actual dispute as to title, the meaning of the phrase "except in cases involving title to real estate" as a limitation upon the jurisdiction of the municipal court. We must therefore for the first time determine the meaning of that phrase as applied to such a case as this.

For the reasons set forth below we conclude that the Congress intended by the use of the phrase in question to exclude from the jurisdiction of the municipal court only cases where there is a necessary and direct issue as to title to real estate, and not a case like the instant case where there is no such issue.

I.

The first express limitation upon the jurisdiction of the inferior court in the District of Columbia in respect of cases concerning real estate was introduced by the Act of February 22, 1867, 14 Stat. 401, § 1. That statute gave justices of the peace jurisdiction in an enumerated class of small cases, but attached the limitation "except in cases involving the title to real estate." From that time on various enactments or re-enactments touching the jurisdiction of justices of the peace or of the municipal court used, interchangeably, this phrase, or the phrase "any controversy in which the title of land may be in dispute," or the phrase "where the title to real estate is in issue." Thus in the Act of February 21, 1871, 16 Stat. 424, § 24, the limiting words were "in which the title of land may be in dispute." But in the Revised Statutes of the District of Columbia (1873), there was incorporated into Section 997 the provisions of Section 1 of the Act of February 22, 1867, above referred to, in which the phrase "except in cases involving the title to real estate" was used. Then, by the Act of February 19, 1895, 28 Stat. 668, § 1, the limitation was put in terms of cases wherein "the title to real estate is in issue." It is noteworthy that the Report of the House Committee on the Judiciary on a "bill to extend the jurisdiction of the justices of the peace in the District of Columbia," [2] the bill which when enacted became the Act of February 19, 1895, said: "As to the subject-matter of their jurisdiction, this bill contains the same limitations as existing law, denying them jurisdiction in cases *where the title to real estate is in issue . . . .*" [Italics supplied] At this time, as pointed out above, the existing law, Section 997 of the Revised Statutes of 1873, had had re-established in it the phrase "involving the title to real estate." Clearly, therefore, at this time the Congress was using the two phrases "cases involving the title to real estate" and "cases where the title to real estate is in issue" as identical in meaning. In the Act of March 3, 1901, 31 Stat. 1191, the phrase "except in cases involving the title to real estate" was restored. This was the last

[2] H.R.Rep. No. 1744, to accompany Sen. No. 655, 53rd Cong., 3rd Sess. (1895).

act which applied to justices of the peace as such. By the Act of February 17, 1909, 35 Stat. 623, § 1, it was provided that the "inferior court known as justice of the peace ... shall remain as now constituted, but shall hereafter be known as the municipal court of the District of Columbia"; and it was also provided that "The said court and each member thereof shall exercise the same jurisdiction as was vested in them as justice of the peace immediately before the passage of this Act, and no more, and shall be governed by the laws then in force, except as said laws and said jurisdiction are expressly changed or enlarged hereby." In the Act of March 3, 1921, 41 Stat. 1310, § 1, it was provided that there should be exclusive jurisdiction in the municipal court "in the classes of cases over which the court had jurisdiction immediately prior to the passage of this act." This Act, together with the Act of February 17, 1909, had the effect of perpetuating the phrase "except in cases involving the title to real estate," restored in the Act of March 3, 1901.

## II.

The jurisdiction of the justices of the peace in the District of Columbia and of their successor, the municipal court, stems from early Maryland law, by virtue of Sections 1 and 11 of the District of Columbia Organic Act, 2 Stat. 103 (1801). Since 1860, the Maryland statutes have contained a limitation on the jurisdiction of the justice of the peace phrased in substantially the same terms as the local limitation. See Maryland Code (1860) Art. 51, § 14. We therefore look with respect to Maryland decisions concerning the meaning of the limitation. And the Court of Appeals of Maryland has consistently held that under such a statute in order to oust the jurisdiction of the justice of the peace it must appear that the action is one in which the title to land is necessarily and directly in issue. The most recent case on the subject in Maryland, Baltimore & Ohio R. Co. v. Owens, 130 Md. 678, 101 A. 605, 1917, lists the earlier Maryland cases [3] and characterizes them as supporting the proposition just stated. In that case there was an action in a justice court for damages alleged to have been caused the real property of the plaintiff through the smoke and noise from the defendant's adjoining railroad. From a judgment in favor of the plaintiff, the defendant appealed to the circuit court for Prince George's County. There a motion to quash the proceedings in the magistrate's court was overruled, and the magistrate's judgment for the plaintiff was affirmed. On appeal to the Court of Appeals of Maryland the single question presented was whether or not the justice of the peace and the circuit court had had jurisdiction, it being contended that the suit was one in which the title to land was involved. Section 7 of Article 52 of the Code of Public General Laws (1904) provided that "no justice of the peace shall have any jurisdiction in actions where the title to land is involved." The Court of Appeals sustained the jurisdiction. It said:

"This section (7) of the Code has repeatedly been before this court for construction, and it has been distinctly held that in such cases it must appear to the court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue, in order to oust and defeat the jurisdiction of the justice of the peace, and of the circuit court on appeal from the justice of the peace....

\* \* \*

"We find nothing, from an examination of the record now before us, that tends in any way to disclose a want of jurisdiction in the justice of the peace or in the court below.

"There is nothing on the face of the proceedings, properly before us, or from the nature of the action itself, that shows that it is a suit in which the title to land is necessarily and directly in issue between the parties. The nature of the injury complained of and the suit itself was to recover damages for an injury to the plaintiff's possession merely, and the title to the land was not directly and necessarily involved, so as to defeat and oust the jurisdiction of the justice of the peace or of the circuit court...." [130 Md. at 679, 681, 101 A. at 606]

See also the following similar decisions in other states, where the limitation upon jurisdiction was phrased in terms substantially like those of the District of Co-

---

[3] Deitrich v. Swartz, 41 Md. 196, 1874; Randle v. Sutton, 43 Md. 64, 1875; Cole v. Hynes, 46 Md. 181, 1877; Shippler v. Broom, 62 Md. 318, 1884; Legum v. Blank, 105 Md. 126, 65 A. 1071, 1907; Josselson v. Sonneborn, 110 Md. 546, 73 A. 650, 1909; Whittington v. Hall, 116 Md. 467, 82 A. 163, 1911.

lumbia statute, and where it was held that only a genuine issue as to title would oust the jurisdiction. Short v. Kennedy, 183 Ark. 310, 35 S.W.2d 591, 1931; Radley v. O'Leary, 36 Minn. 173, 30 N.W. 457, 1886; Stone v. Blanchard, 87 Neb. 1, 126 N.W. 766, 1910; Martin v. City of Richmond, 108 Va. 765, 62 S.E. 800, 1908; City of Richmond v. Sutherland, 114 Va. 688, 77 S.E. 470, 1913.[4]

We think it not useful to list or to review other authorities. Statutory provisions differ from state to state, and, partly on this account, the cases are in some seeming confusion. The authorities are collected in a Note in 115 A.L.R. 504-543, 1938.

### III.

Historically, the essential reason for excluding from the jurisdiction of the justice of the peace cases concerning real estate was that the justice of the peace was not learned in the law, and was not, therefore, competent to deal with questions of title often of difficult and intricate nature. See Hill v. Carter and Carter, 16 N.J.L. 87, 88, 1837; Messler v. Fleming, 41 N.J.L. 108, 110, 1879; 1 Holdsworth, History of English Law (6th ed. 1938) 285, 290; McVicker, The Seventeenth Century Justice of Peace in England (1936) 24 Ky.L.J. 387, 407. Also, the court of the justice of the peace was not a court of record. Neither of these reasons for limiting jurisdiction prevails in the District of Columbia. In the Act of June 30, 1902, 32 Stat. 520, it was provided that no person should be appointed to the office of justice of the peace "unless...[he] shall either have held the office of justice of the peace in said District for a period of at least two years [5] or shall have been engaged in the actual practice of law before the Supreme Court of the District for a period of at least five years prior to his appointment." The rules for admission to practice before the District Court of the United States for the District of Columbia (formerly the Supreme Court) require legal preparation. See Rule 21 of the District Court of the United States for the District of Columbia (1938), as amended December 8, 1938. By the Act of March 3, 1929, 41 Stat. 1310, § 2, it was

provided that "hereinafter said municipal court shall be a court of record...." The retention in the District of Columbia statutes of the present limitation upon the jurisdiction of the municipal court must, we think, in view of the disappearance of the historical reasons for excluding cases concerning real estate, be for some reason of convenience. The obvious purpose of the statute setting up the municipal court and defining its jurisdiction is that of providing a tribunal for the speedy disposition of a large number of small causes. And the trial of cases involving an issue as to title, with attendant difficult and complicated questions of real property law, would act as a clog upon the calendar of the court. But cases like the instant case, where there is no issue as to title, will no more delay proceedings than will the other cases described in Section 193, or than trespass and forcible entry and detainer cases. By express extension, by Sections 194, 225 and 228 of the Code, of the jurisdiction defined in Section 193, the municipal court is to entertain and decide trespass and forcible entry and detainer cases unless an issue as to title arises. See 31 Stat.1190, c. 854, §§ 10, 20, 23 (1901).

The foregoing considerations—the legislative history of the local statute, the decisions in Maryland and the decisions in other states involving similarly phrased statutes, and the passing away of the historical reasons for excluding actions concerning real estate from the jurisdiction of the municipal court—persuade us that the local statute should be construed as not intended to exclude from the jurisdiction of that court such a case as the instant case where there is no necessary and direct issue as to title to real estate. We adopt the criterion set forth in Baltimore & Ohio R. Co. v. Owens, supra.

It remains to consider the statement of the court in Gray v. Ward that "the question of jurisdiction under statutes like our own is to be determined by the declaration...." This had its source in a series of cases in Vermont. Hastings v. Webber, 2 Vt. 407, 1829; Jakeway v. Barrett, 38 Vt. 316, 1865; Dano v. Sessions, 63 Vt. 405, 21 A. 922, 1891; Heath v. Robinson, 75 Vt. 133, 53 A. 995, 1903. The

---

[4] In Virginia the limitation on the jurisdiction of justices of the peace is not by statute but by judicial construction of the constitution; but this construction is in limiting terms like those of the District of Columbia statute.

[5] This requirement has since been reduced to one year. See D.C.Code (1929) tit. 18, § 191, 35 Stat. 623 (1909).

courts there had rejected the issue test, and had held that the question of jurisdiction must be determined by looking at the declaration alone. See Jakeway v. Barrett, supra, overruling Whitman v. Town of Pownal, 19 Vt. 223, 1847. And obviously, despite the fact that Gray v. Ward was a case in which there was an inevitable issue as to title, unless there was to be a default by the defendant, the statement was made upon the theory, not that an issue as to title was to be the jurisdictional criterion, but that all cases in which title was in any way involved, even incidentally or indirectly, must be rejected by the municipal court; for the court said, "Leaving out of view those states in which the justice may be ousted of his jurisdiction by some action of the defendant which puts title to real estate in issue...the question of jurisdiction...is to be determined by the declaration...."

Clearly, once it is determined that the municipal court is not to decline jurisdiction unless there is a necessary and direct issue as to title, the declaration test for jurisdiction is inappropriate. It would lead to the rejection of a case like the instant case where there is no issue as to title, and might lead to the acceptance and retention of jurisdiction—no issue as to title appearing in the declaration—in a case where there later actually developed a genuine dispute as to title. Exactly this unwarranted result of allowing the justice of the peace to determine a question of title, contrary to the plain legislative intent, occurred in Jakeway v. Barrett, supra. The declaration in that case disclosed an action in trespass for taking and carrying away two stacks of hay. Looking to the declaration alone, the justice of the peace accepted jurisdiction because, obviously, the case as stated involved personal property only. But thereafter the defendant pleaded not guilty and gave notice that he would prove at the trial that the land upon which the hay had confessedly been cut and stacked belonged to him; and at the trial the justice of the peace considered deeds and documents of title and finally made a decision as to who owned the land. This acceptance and retention of jurisdiction was approved upon appeal.

The declaration rule is, moreover, inappropriate in view of the informality of pleadings allowed by the rules of the municipal court governing Class B cases—of which the instant case is one. Rule 2, §

3, of the Rules of the Municipal Court of the District of Columbia, 1936.

We therefore overrule the statement made in Gray v. Ward which would require the municipal court to look to the declaration alone in determining the jurisdictional question, and we rule, consistently with the Maryland and other authorities above cited, that the municipal court shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties.

 We conclude that the municipal court has jurisdiction in the instant case, because it appears from the defendant's plea that there is no necessary and direct issue as to title between the parties. In accordance with the foregoing the judgment of the trial court is

Reversed and the case remanded for further proceedings not inconsistent with this opinion.

