## NICKLES v. SULLIVAN.

### No. 1092.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 8, 1951.

Decided Aug. 29, 1951.

William J. Hagan, Washington, D. C. (James A. Purcell, Jr., Washington, D. C., on the brief), for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Judge.

Appellee Sullivan sued for possession of certain commercial property, alleging that appellant Nickles held possession under an

expired leasehold. Nickles filed a sworn answer denying Sullivan was entitled to possession. He further alleged that "he is entitled to title and possession of the premises having entered into a valid and binding contract to purchase same prior to the alleged sale of the premises to the plaintiff," and requested that the case be certified to the District Court for trial.

At trial before court and jury, Sullivan's counsel in his opening statement said that he expected to prove that Nickles took possession under a lease from one Scrivener, that Sullivan entered into negotiations to purchase the property and paid $27,500 to the sellers (without naming them) and on January 17, 1951, at a title company "settled for a leasehold deed to the property"; and at that time Nickles' lease which had been assigned by Scrivener to one Newsome was assigned by Newsome to Sullivan and that this lease expired on February 28, 1951.

Nickles' counsel stated that he expected to prove that prior to expiration of the lease he had negotiated with one Ruffner, "who had the power to settle," that Ruffner made an offer to sell the property to Nickles for $20,500, that Nickles accepted the offer and paid Ruffner $1,500 as a deposit, that Ruffner told Nickles the property was his and he would have a deed in a few days, that in reliance on this Nickles obtained a loan and renovated the property at his own expense, that thereafter Sullivan made Ruffner a larger offer and Ruffner refused to give Nickles a deed.[1]

On the opening statements the court directed a verdict in Sullivan's favor.

Our Code contains the following section in respect to summary suits for possession of real estate: "If upon the trial the defendant pleads title to the premises, in himself or in another under whom he claims, setting forth the nature of said title, under oath, and shall enter into an undertaking, with sufficient surety, to be approved by the court, to pay all inter-

vening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the District Court of the United States for the District of Columbia, and the same shall be further continued in said court according to its rules." Code 1940, § 11–738.

Rule 5 of the landlord and tenant rules of the trial court provides: "Every defendant desiring to interpose a plea of title must file such a plea in writing, under oath, and must accompany it by an undertaking which must be submitted to the Court for approval within four days thereafter."

Appellant should have filed a special plea of title instead of intermingling it with another defense and should have accompanied that plea by an undertaking.[2] Nevertheless we think there was substantial compliance with the Code Section. The answer was under oath and it is evident that appellant was asserting an equitable title to the property and claimed it was superior to any title of appellee. We find in the record no undertaking or tender of such but at argument it was stated without denial that appellant's request to the trial court to fix the amount of the undertaking was denied. At any rate, it is evident that the trial court's ruling was not based on either insufficiency of the form of the plea of title or lack of tender of an undertaking.

In Schwartz v. Murphy, 72 App. D.C. 103, 108, 112 F.2d 24, 29, it was held that the Municipal Court "shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties." We have held that the same rule applies under the Municipal Court Act of April 1, 1942.[3] Generally the trial court can determine whether title is necessarily and directly in issue only by hearing the evidence on such issue. In our opinion there was sufficient claim of title to entitle appellant to present such evidence of title as

---

1. There was also a question raised by Nickles as to the validity of the lease under which he entered possession.

2. See Knowles v. Masher, D.C.Mun.App., 45 A.2d 755.

3. Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336.

he had. In Stone v. Blanchard, 87 Neb. 1, 126 N.W. 766, 768, a case cited in Schwartz v. Murphy, supra, and one somewhat similar to the present in that an equitable title was asserted as superior to a legal title, the proper procedure was stated thus: "Justice courts [4] cannot try actions which involve title to real estate, or in which such title may be drawn in question. This court has frequently been called upon to construe this statute. No mere claim of title or claim or assertion that title is drawn in question will deprive the justice of power to try and determine the cause. He must ascertain from the evidence whether the action involves or draws in question the title to real estate. Forcible entry and detainer is an action to determine the right of possession and any competent evidence whether it be title deeds or other written or oral testimony tending to show which one of the contending parties is entitled to possession of the disputed property must be considered by the justice. If he can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn in question. If, however, possession is held under and by virtue of some right in the property so that the right of possession cannot be determined without adjusting the right in the property itself, then the title to real estate is drawn in

question within the meaning of the statute. The justice must find from the competent evidence whether title to real estate is drawn in question, and not from the pleadings or from the claims or pretensions of the parties. There must be competent evidence tending to show that there is in fact a title to real estate in question tendering a genuine issue which the parties are entitled to have adjudicated. An unfounded assertion of right, without competent evidence to support it, will not deprive the justice of jurisdiction."

The foregoing is in accord with our ruling in Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336, 340, where we ordered a new trial in order that the party be permitted "to introduce whatever material evidence he may have so that the trial court may then determine whether title to real estate is necessarily involved in the case in the sense that plaintiff's title is denied and intervenor's title is asserted."

Opening statements of counsel do not constitute evidence. Of course the court may act on facts conceded by counsel if such facts are decisive of the case, but otherwise a party should be allowed to present his evidence and have a ruling on the sufficiency of the evidence rather than on the sufficiency of counsel's statement.

Reversed with instructions to grant a new trial.

4. The justice of the peace system was abolished in this jurisdiction in 1909 at which time the Municipal Court was created and vested with increased civil jurisdiction, including jurisdiction over landlord and tenant actions.