### BRADFORD et al. v. CASTIGLIONI.
### No. 1196.

Municipal Court of Appeals for the District of Columbia.

Argued April 7, 1952.

Decided April 29, 1952.

Robert J. Winburn, Washington, D. C. (Raymond Godbersen, Washington, D. C., on the brief), for appellants.

Francis J. Buckley, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants and appellee entered into a contract by which appellants agreed to sell and appellee agreed to buy improved real estate in Maryland. The contract provided that title was to be good of record and in fact. The parties met at the office of a Maryland title company on an agreed date for the purpose of closing the transaction. A representative of the title company informed the parties that an equity suit involving the property had been filed in Maryland against appellants and that settlement of the contract could not be made because appellants could not give good title. The parties went to the office of appellants' lawyer and there and later in the day they had a discussion about a part of the purchase money being held in escrow or the giving of a bond by appellants, to assure good title pending outcome of the equity suit, but no agreement was reached. Two days after the settlement date appellee wrote appellants: "In view of the fact that you * * * are not in a position to give title to said property, * * * I hereby rescind and cancel said contract * * *."

Thereafter appellee filed suit in the Municipal Court of the District of Columbia for the return of his deposit and damages for breach of the contract. Appellants denied they had breached their contract and filed a counterclaim alleging that they had "been at all times ever ready, willing, and able to give title to the said property in accordance with the said contract of sale." Appellee replied to the counterclaim denying that appellants "were ready, willing and able to render to him good title to said property." Trial was had and finding and judgment entered in favor of appellee.

Although the question was not raised either in the trial court or here, we must consider the question of the trial court's jurisdiction. The Municipal Court does not have jurisdiction of cases involving title to real estate. Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336; Shapiro v. Christopher, D.C. Cir., 195 F.2d 785. In the present case the basic question between the parties is whether on the agreed settlement date appellants were able to convey good title to the real estate. In a very similar case we held that title was necessarily and directly in issue and consequently the Municipal Court had no jurisdiction. Cohen v. Brandt, D.C. Mun.App., 63 A.2d 853. In so holding we cited, among other authorities, Gray v. Ward, 45 App.D.C. 498, where an action in the Municipal Court to recover a part payment for the purchase of real estate in Virginia was held beyond the jurisdiction of the Municipal Court because the basis of the action was that the defendant had failed and refused to deliver good title to said real estate. In Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24, 29, the court held the correct rule to be that "the municipal court shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties", and overruled the "declaration" test stated in Gray v. Ward. However, we do not understand that Schwartz v. Murphy overruled the ultimate decision in Gray v. Ward because it recognized "that Gray v. Ward, was a case in which there was an inevitable issue as to title, unless there was to be a default by the defendant * * *."

In the present case the basic issue—the unavoidable issue—was whether appellants tendered to appellee good title to real estate. The Municipal Court lacked jurisdiction to decide that issue.

Reversed.