## MEREDITH v. FITZGERALD et al.

### No. 1434.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1954.

Decided Jan. 22, 1954.

Earl J. Lombard, Washington, D. C., for appellant.

H. Max Ammerman, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees, hereafter called sellers, were trustees under a second deed of trust on certain real estate, and by virtue of such deed of trust advertised the property for sale, subject to the first deed of trust. Appellant, hereafter called the purchaser, was the successful bidder at the sale and made a deposit of $500. This suit was brought by the purchaser for the return of the deposit. The trial court, after full hearing, *sua sponte* dismissed the action for lack of jurisdiction. The purchaser has appealed.

We are first met with the sellers' contention that the appeal should be dismissed because the purchaser did not include in the record on appeal a statement of proceedings and evidence. When such statement is necessary to a determination of an appeal, the appeal will be dismissed for failure to include it in the record;[1] but there are cases where the questions raised by the appeal are adequately presented by a record which does not include a statement of proceedings and evidence.[2] The present

1. Moncure v. Curry, D.C.Mun.App., 42 A. 2d 143.

2. Mindell v. Glenn, D.C.Mun.App., 65 A.2d 340.

case falls in the latter category. In the record before us there is an extensive memorandum opinion of the trial judge summarizing the evidence. This opinion, together with the pleadings and trial memoranda filed by both parties after the evidence had been completed, shows the issues in the case. The only question raised by this appeal is whether title to land was necessarily and directly in issue.

From the record it appears that after the sale the sellers discovered there were certain liens of the United States on the property. Because of the existence of these liens the sellers were not able to promptly convey title to the purchaser. Although the purchaser did not make formal tender of the balance of the purchase money, the trial court found that during the period fixed for compliance with the terms of the sale the purchaser was ready to pay the balance. After waiting about eighteen days beyond the settlement date the purchaser demanded return of his deposit. The demand was refused and this suit was then brought.

 In its opinion the trial court stated that it felt the purchaser under the facts was entitled to recover his deposit, but concluded that the court lacked jurisdiction of the case because the issue was whether on the date of settlement, or within a reasonable time thereafter, the sellers tendered or were able to tender good title in accordance with the terms of the sale. It is settled law that the Municipal Court does not have jurisdiction of cases involving title to real estate, but it is equally well settled that the Municipal Court should not reject jurisdiction "unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties."[3] In our opinion title to land was not in issue in this case. There was no dispute as to title. The sellers freely conceded that because of the Federal liens they could not promptly convey the title which they advertised for sale and which the purchaser contracted to purchase, and we think they would have to concede that the purchaser could not be compelled to wait indefinitely. Therefore the issue between the parties was whether the purchaser waited a reasonable time before demanding return of his deposit. Title to land was not directly in issue and the court was in error in rejecting jurisdiction.

Reversed with instructions to grant a new trial.

---

3. See Bradford v. Castiglioni, D.C.Mun.App., 88 A.2d 186, and cases there cited.