Ralph BARBOUR, as Administrator of the
Estate of Cora Lee Powell, deceased,
Appellant,

v.

Edward C. BALTZ, President Perpetual
Building Association, Samuel Scrivener,
Jr., Trustee, Junior Crowell, Trustee, and
Albert Sussman, Appellees.

No. 2262.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 6, 1958.

Decided Dec. 12, 1958.

John J. Spriggs, Jr., Washington, D. C.,
with whom Lola Boswell, Washington, D.
C., was on the brief, for appellant.

Steven A. Winkelman, Washington, D.
C., with whom Thomas S. Jackson, Robert
M. Gray, and David S. Scrivener, Washington, D. C., were on the brief, for appellees
Baltz, Scrivener and Crowell.

Herman Miller, Washington, D. C., for
appellee Sussman.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, §
11–776(b).

HOOD, Associate Judge.

This appeal is from an order dismissing a
complaint brought by the Administrator of

the Estate of Cora Lee Powell. In substance the complaint charged that the defendant Sussman through fraud and deceit had induced the decedent and her aged mother to borrow the sum of $1,800 from Perpetual Building Association, giving therefor their promissory note secured by a deed of trust on certain real estate then owned by decedent and her mother;[1] that the association paid or ordered paid the proceeds of the loan to Sussman, which he converted to his own use and refused to account therefor to decedent.

Four defendants were named: Sussman, Baltz, "President Perpetual Building Association," and Scrivener and Crowell, who are trustees under the deed of trust.[2] The first count of the complaint asked that the trustees be required to release the deed of trust and that the association be required to cancel the note. It also sought an accounting from Sussman and a judgment of $1,800 against either or both Sussman and the association.

The second count alleged negligence on the part of the association in releasing the proceeds of the loan to Sussman and asked judgment for $1,000 against the association. A third count charged Sussman with wrongful conversion of the sum of $1,500 and sought judgment against him.

Two motions to dismiss were filed, one by Sussman and the other by Baltz and the trustees jointly. Both motions were granted and in effect we have two appeals from the granting of the two motions. We shall treat them separately.

The motion of Baltz and the trustees was granted on the ground that the complaint necessarily and directly put in issue title to real estate and that the trial court lacked jurisdiction to try such an issue.

■■ It is well established that the trial court has no jurisdiction of cases involving title to real estate, that is, cases where title to real estate is necessarily and directly in issue.[3] And we think it clear that the complaint in the present case in so far as it sought to compel the release of the deed of trust and cancellation of the note secured thereby necessarily and directly put title to real estate in issue. The deed of trust, the equivalent of a mortgage,[4] conveyed legal title to the trustees, equitable title remaining in the grantors.[5] To determine that the deed of trust was invalid and to order the trustees to release the trust and thereby reconvey legal title would require first an adjudication of the rights of the parties in the real estate. Clearly title to real estate would be directly in issue. The trial court properly dismissed this portion of the complaint for lack of jurisdiction.

■ The second count of the complaint charging the association with negligence was also properly dismissed. Although there are allegations that the association knew or was in a position to know of Sussman's fraud and that it was negligent in releasing the funds to him, these are mere conclusions with no allegations of fact to support them.

■ With respect to the defendant Sussman, we think it was error to dismiss the

---

1. Although not specifically alleged, presumably the mother predeceased the daughter who became sole owner of the property.

2. One ground urged for dismissal was the lack of an indispensable party, namely, the building association, the point being that making the president of the association a defendant did not have the effect of making the association a defendant. The trial court did not pass on this point and we do not reach it.

3. Code 1951, § 11–703. Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785; Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24; Meredith v. Fitzgerald, D.C.Mun.App., 102 A.2d 306; Nickles v. Sullivan, D.C.Mun.App., 83 A.2d 283.

4. W. A. H. Church, Inc., v. Holmes, 60 App.D.C. 27, 46 F.2d 608.

5. Kosters v. Hoover, 69 App.D.C. 66, 98 F.2d 595.

complaint. Though poorly drawn, the complaint states a claim for damages for fraud or conversion against Sussman, and appellant is entitled to an opportunity to prove his claim.

Affirmed as to Edward C. Baltz, President Perpetual Building Association, Samuel Scrivener, Jr., Trustee, and Junior Crowell, Trustee.

Reversed as to Albert Sussman.