Rae FRIEDMAN, Appellant,

v.

DISTRICT OF COLUMBIA et al., Appellees.

No. 2424.

Municipal Court of Appeals for the District of Columbia.

Argued July 20, 1959.

Decided Nov. 10, 1959.

**522**

Harry Friedman, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees. Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The amended complaint in this case, naming as defendants the District of Columbia, the Commissioners of the District, the District Water Registrar, Treasurer and Finance Officer, alleged that the plaintiff had purchased certain real estate in the District of Columbia; that at the time of purchase there was an unpaid water bill in the amount of $135.81 incurred by the former owner; and that although said unpaid water bill did not constitute a lien on the prop-

erty, the Water Registrar had attempted to assert a lien, and the property had been sold by the defendants for said unpaid water bill and costs for $137.11.[1] Alleging that the sale was illegal and that if defendants delivered a deed to the property plaintiff would suffer irreparable damage, the complaint asked (1) that the defendants be enjoined from asserting a lien on the property for the unpaid water bill, and (2) that the defendants be enjoined from delivering a tax deed for the property.

The defendants moved to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted, and in the alternative moved for summary judgment. One ground urged for dismissal was that the matters alleged were res judicata by reason of the dismissal of a prior action by plaintiff against the same defendants involving the same claim. The trial court granted the motion to dismiss on the ground that it lacked jurisdiction of the action because the question of title to real estate was necessarily and directly in issue, citing Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24. Plaintiff has appealed.

We think the case was properly dismissed for lack of jurisdiction for a reason other than that assigned by the trial court. The trial court has exclusive jurisdiction of civil actions in which the claimed value of personal property or the debt or damages claimed does not exceed $3,000;[2] and, as we said in Sheherazade, Inc. v. Mardikian, D.C.Mun.App., 143 A.2d 512, 514, "as an incident to its exclusive jurisdiction the Municipal Court has such equitable power as may be necessary to fully and completely exercise its jurisdiction." The Municipal Court's equity power is incidental and limited and is not primary or general.

In the instant case no personal property is involved and no claim is made for debt or damages. The complaint seeks to invoke

---

[1] See Code 1951, § 43–1521c, Supp. VII, relating to the District's lien for water charges and the method of enforcement of such lien.

[2] Code 1951, § 11–755.

general equity jurisdiction to grant an injunction, which has been termed "the strong arm of equity." The action is not one for a money judgment, but its sole purpose is to restrain the doing of an official act. Only a court of general equity jurisdiction has power to grant such relief; and the Municipal Court, lacking general equity jurisdiction, lacked jurisdiction to entertain the complaint.

Affirmed.