Gustave A. LEVENE, Appellant,

.v.

Robert OLIVER and Mary Louise Oliver, Appellees.

No. 2490.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 7, 1959.

Decided Feb. 26, 1960.

Abe M. Goldstein, Washington, D. C., for appellant.

William A. Brewer, Washington, D. C., with whom Roger M. Dougherty, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant sued for the amount allegedly due him for services rendered the appellees, pursuant to a written contract, in adjusting a fire loss to a building and its contents owned by the latter. At the end of the appellant's case, the court granted appellees' motion to dismiss, denied appellant's motion for a new trial, and entered a judgment for appellees. While there has been filed here a transcript of the argument on the motion to dismiss and the motion for a new trial, appellant has failed to file either a statement of proceedings and evidence or a transcript of the trial testimony [our Rule 21(f)].

The court in granting the motion to dismiss said:

"* * * I am going to dismiss this case on one ground and one ground only * * * that this contract is violative of the public policy of the District of Columbia, because it authorizes this man [appellant] to be paid for practicing law when he doesn't have a license to do so."

In Courembis v. Morfessis, D.C.Mun. App., 143 A.2d 517, 518, we said:

"We have stated time and again that it is incumbent on the party seeking reversal to furnish this court with a sufficient record so that we may be able to pass on the errors of law alleged." [1]

1. Cf. Meredith v. Fitzgerald, D.C.Mun.App., 102 A.2d 306; Wilkins v. Woodruff, D.C. Mun.App., 74 A.2d 59.

We have no way of determining whether the court was correct or not in view of the failure of appellant to furnish us with a proper record. We accordingly have no discretion except to affirm.

It is so ordered.