Maurice M. MEREDITH, Appellant,

v.

E. Spencer FITZGERALD and Michael J. Sweeney, Appellees.

No. 1593.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 10, 1955.

Decided Feb. 1, 1955.

Samuel B. Groner, Silver Spring, Md., for appellant.

H. Max Ammerman, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees Fitzgerald and Sweeney, trustees under a second deed of trust on certain real estate, advertised the property for sale subject to a first deed of trust. The terms of sale were all cash above the first trust, with a deposit of $500, and terms of sale "to be complied with within thirty days, otherwise deposit forfeited * * *." Appellant Meredith was the successful bidder at the sale and made the required deposit. Thereafter it was discovered that there were certain liens of the United States against the property and the trustees were unable to convey title as advertised until those liens were released. Negotiations looking to release of the liens were commenced, but on March 16, 1952, the end of the thirty day period fixed for settlement, the liens were still outstanding. Both before and after

that date Meredith consulted with Fitzgerald regarding progress of the negotiations, he being ready to pay the balance required if good title could be conveyed. On April 3, 1952, Meredith made written demand for return of his deposit, which demand was refused. Thereafter and until April 30 Meredith had several conferences with Fitzgerald in which he indicated he would take either a deed to the property free of the federal liens or the return of his deposit. On April 30 Meredith brought this action for return of his deposit. On May 2 the trustees could have conveyed title to Meredith free of the liens if he had paid the balance of the purchase price.

The trial court ruled that the trustees were entitled to a reasonable time within which to perfect title, and that a reasonable time had not transpired when Meredith on April 3 made demand for return of his deposit. Accordingly, the trial court concluded that Meredith was not entitled to recover, and he has appealed.[1]

▇▇▇ Meredith urges that because the terms of sale required him to comply within thirty days or forfeit his deposit, it would be manifestly unfair if the trustees were not likewise required to comply within the same period; and that therefore time was of the essence and he was entitled to return of his deposit when it appeared that the trustees could not comply within thirty days. Perhaps this is true, but on expiration of the thirty day period Meredith made no demand for his deposit. Instead, he acquiesced in the efforts of the trustees to perfect title. He thus waived his right to insist on strict performance. He did demand return of the deposit on April 3, but instead of standing on this demand he continued his acquiescence in the attempt to perfect title, stating he would take either a good deed or the return of his deposit. On April 30 he arbitrarily terminated negotiations by bringing this action although if he had waited two days longer he could have gotten good title.

The law is well established that where a purchaser fails to rescind because of the seller's nonperformance within the time stipulated and acquiesces in the efforts of the seller to perfect title, he cannot thereafter arbitrarily rescind without notice. Having waived the original time for performance, he may by notice fix a reasonable time within which performance must be completed.[2] Meredith did not do this. Until April 30 he continued to indicate his acquiescence in the efforts of the trustees and his willingness to accept a deed, and made no attempt to fix a time in which the trustees would have to perform or return the deposit. Without notice of any kind he attempted by the filing of this action to arbitrarily rescind. This he had no right to do, and the trial court correctly denied him a recovery.

Affirmed.

▇▇▇▇▇▇▇▇

---

1. This case was before us in a former appeal on a jurisdictional question. See Meredith v. Fitgerald, D.C.Mun.App., 102 A.2d 306.

2. 55 Am.Jur., Vendor and Purchaser, § 115; 66 Corpus Juris, Vendor and Purchaser, § 482; Williston on Contracts (rev. ed.) § 856.