Fred I. SIMON, Appellant,

v.

George H. S. ROSSIER and Betty J. Rossier, Appellees.

George H. S. ROSSIER and Betty J. Rossier, Appellants,

v.

Fred I. SIMON, Appellee.

Nos. 1848, 1849.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 1, 1956.

Decided Dec. 6, 1956.

Mark P. Friedlander, Washington, D. C., for Fred I. Simon.

Joseph Zitomer, Washington, D. C., for George H. S. Rossier and Betty J. Rossier.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The Rossiers sued Simon for the return of a deposit of $547.50 made by them on a contract for the purchase of a house and also for punitive damages because of Simon's alleged fraud in connection with the making of the contract. A jury returned a verdict for the Rossiers for $547.50 plus $500 for each of them as punitive damages. The trial court granted Simon's motion for judgment n. o. v. with respect to punitive damages, but allowed the verdict for return of the deposit to stand. Both parties have appealed.

The Rossiers say it was error to set aside the verdict as to punitive damages. Their claim to punitive damages rested on the alleged fraud of Simon in inducing them to contract to buy a house not then built on the representation that the house would be built and delivered within sixty days. Assuming that the evidence made out a case of fraud in this respect, the record is clear that any action therefor was waived. The contract was made on July 14, 1954. If the Rossiers were defrauded into believing that the house would be delivered within sixty days, they certainly became aware of the fraud by the middle of October 1954 because construction had not begun by that time. (Construction did not begin until July 1955.) Yet on February 3, 1955, the Rossiers wrote Simon: "We want the house and are eager and anxious to move into it as quickly as possible. Please do everything that you possibly can to help get the house built and ready for occupancy as soon as possible." Mrs. Rossier testified that after waiting ten months they were still willing to have the house built. And Mr. Rossier testified that in May 1955 he went to see if the house had been started and gave Simon time to build the house but fixed no specific time.

A party to an executory contract who learns that he has been induced by fraud to enter into the contract and then insists on performance by the other party, waives any action for the fraud.[1] By urging that the other party proceed with performance a new contract is made. When the Rossiers, having learned that the house could not be built as promised, gave Simon additional time to perform and urged him to proceed, their contract became one for performance within a reasonable time. Any fraud with respect to delivery in sixty days was waived. Since their claim for punitive damages rested on this claim of fraud, the trial court properly set aside the award of punitive damages.

Simon claims the verdict awarding return of the deposit should not stand. He argues that in spite of the delay in construction of the house, the Rossiers consented to such delay, urged him to proceed with construction, and then arbitrarily demanded return of their deposit. He relies on our ruling in Meredith v. Fitzgerald, D.C.Mun.App., 111 A.2d 471, that a purchaser who fails to rescind because of the seller's nonperformance within the time stipulated and acquiesces in the efforts of the seller to comply, may not arbitrarily rescind without notice, but may by notice fix a reasonable time for performance. Simon says, and to some extent he is supported by the record, that the Rossiers never demanded performance by a specific date, but, instead, continually urged him to perform even after demanding return of their deposit. On the entire record, however, we think it was for the jury to decide whether Simon performed within a reasonable time and whether the Rossiers waived their right to demand return of their deposit.

Affirmed.

1. See Horning v. Ferguson, D.C.Mun.App., 52 A.2d 116, recognizing the rule but applying the exception where the defrauded party is unable to recede without prejudice. See also Annotation, 13 A.L.R.2d 808, 856.